HUGHES *v.* HUGHES.
May 17, 1954
No. 39178          65 Adv. S. 18          72 So. 2d 677

*W. C. Sweat, Sr., W. C. Sweat, Jr.,* Corinth, for appellant.

*Cary Stovall, James E. Price, Jr.,* Corinth, for appellee.

ARRINGTON, J.

Mrs. Elizabeth Simpson Hughes, appellant herein, was granted a divorce from Frank K. Hughes, appellee, in the Chancery Court of Alcorn County, Mississippi, on September 11, 1951. They had no children, and prior to the divorce appellant and appellee entered into a written agreement in which appellee agreed to convey to her their home, pay off the mortgage on same, and to pay her $200 per month alimony. This agreement was incorporated in the final decree and the court ordered appellee to pay within a reasonable time the balance due on the note to the National Bank of Commerce, secured by trust deed on the property described in the decree, and which appellee had deeded to appellant as agreed, and to pay appellant $200 per month "until further orders of the court."

On June 2, 1953, appellee filed a petition asking the court to modify the decree, alleging that the circumstances of the parties had materially changed in that petitioner had practically no income and defendant, appellant, had a very substantial income, and that he was unable to continue paying the alimony as ordered by the decree. Upon the hearing of the matter, the court entered a decree reducing the amount to be paid by appellee to appellant each month from $200 to $100 until further orders of the court, and appellee was directed to report back to the court his income and financial con-

dition at the March, 1954 term, the court reserving the right to enter any further orders at such time. From this decree, the appellant appeals.

The appellant argues that the court was without authority to modify the former decree, her contention being that the agreement entered into between the parties was a binding contract and not subject to change. We find no merit in this contention. Section 2743, Mississippi Code of 1942, provides as follows:

"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders . . . touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."

In Amis, Divorce and Separation in Mississippi, Section 209, we find the following on the subject of force and effect of a consent decree: ". . . Such a consent decree merely dispenses with the necessity of taking proof and making an allowance based thereon. And in all cases it is the decree of the court, rather than the contract of the parties, and may be enforced, modified, or revoked, in the same way as if it had been an adjudication based on testimony duly taken. There is much authority on the contrary, holding that a judgment by agreement or consent, is a mere record contract and that it may not be changed or modified by the court. That is the rule in other classes of cases; but the duty of the husband to support his wife is a matter in which the state has an interest, and the statute has accordingly authorized the court to change or modify any decree for continuous alimony, and to make new decrees from time to time as the necessities of the case may require.

Such being true, the parties may not by contract or agreement deprive the court of that power, nor may the court itself renounce it. It is a continuing duty of the court as well as a continuing power. The whole question of the wife's alimony, and all its incidents, is committed by the statute to the court, as a continuing power and duty; and it would be a strange proceeding, if the court, by adopting the agreement of the parties and incorporating it into the decree as its adjudication could thereby estop itself, or abdicate the duty, power and authority conferred on it by statute. Whatever may be the rule elsewhere the statute in this state is supreme; and every agreement in reference to alimony, to be incorporated in any decree of the court, is made subject to the power of the court to modify or revoke it, which is necessarily incorporated in every such agreement.''

In Lee v. Lee, 182 Miss. 684, 181 So. 912, this Court said: ''Section 1421 (now Section 2743, Code of 1942) provides, among other things, for the allowance of alimony to the wife, and that the court may afterwards, on petition of the husband, change the decree and from time to time make such new decree as the case may require. Under this section no alimony decree is ever a final judgment, it is always open to change.''

Appellant further argues that the court erred in reducing the alimony, as the evidence showed that the appellee had been given certain valuable property by his father since the divorce. At the time of the divorce, the appellee owned a one-half interest in this property, having inherited the same from his mother, and subsequent thereto, had acquired the other one-half interest by deed from his father. The appellant has a net income of approximately $25 per month from rental property given her by appellee's father, and while at the time of the divorce she was renting her home, she now gets her board in exchange for an apartment in the home, which amounts in dollars and cents to approximately the same income from these sources that she had at the time

of the divorce. When the divorce was granted, appellant was not working, but at the time the decree was modified, she was teaching school and had an income therefrom, after deductions, in the amount of $180 per month. While it is true that a one-half interest in certain property had been placed in appellee's name by his father since the date of the divorce, he was, when the decree was modified, operating his automobile business at a loss, whereas at the time of the divorce it was a highly successful business. The evidence shows that the rent or income from the property which had been acquired since the divorce amounted to very little up until the time the decree was modified.

The chancellor found under the evidence that there were such changed conditions as warranted a modification of the decree, and we are not in a position to say that he was manifestly wrong. The decree of the court below is therefore affirmed.

Affirmed.

*McGehee, C. J., Kyle, Ethridge,* and *Gillespie, JJ.,* concur.