GILLESPIE, Presiding Justice:
Roy John Keller, appellee (hereinafter Keller), was granted a divorce on April 26, 1965, from Mable Lee Lefler Keller, appellant (hereinafter Mrs. Keller). The decree provided the following: awarded Mrs. Keller $250 per month alimony during widowhood ; ordered Keller to maintain a $50,000 life insurance policy wherein Keller was the insured and Mrs. Keller the beneficiary; required Keller to provide Mrs. Keller with medical insurance; ordered Keller to pay Mrs. Keller the sum of $1,000 in cash within ten days from the decree; and further provided “* * * that hereafter, out of each annual bonus that [Keller] may receive from his employer, over and above his regular income, [Keller] shall pay to [Mrs. Keller] the sum of $600 per year or 50% of the bonus money received for the year, whichever is the lesser.”
On December 11, 1968, Keller filed a petition for modification of alimony payments and for general relief on the ground that there had been a material change in *809 circumstances which affected his ability to comply with the provisions of the decree. The proof showed that on the date of the divorce decree Keller was the Field Sales Manager for Allstate Insurance Company in Jackson, Mississippi, and that in June 1965 he was transferred to New Orleans to become District Sales Manager. According to Keller this transfer was a demotion since the latter position offered little opportunity for advancement. Keller’s income was $16,033 in 1965, $16,468 in 1966, $15,741 in 1967, and $16,305 in 1968. In addition to the $250 per month alimony payments, Keller expended the annual sum of $1,461 to maintain the life insurance policy and $177.40 for Mrs. Keller’s health insurance. When the divorce decree was granted Keller had a $6,700 credit in a profit sharing program with his employer, and this had increased to $19,140 in 1968. However, the proceeds of the fund are unavailable to Keller until he reaches sixty-five years of age. In 1965 Keller obtained a bank loan in the amount of $12,000, repayable at $165 per month. Thereafter he borrowed an additional $2,400. At the time of the modification hearing, Keller was repaying both of these debts. Keller testified that he was also indebted to the Veterans Administration in the amount of $1,620 attributed to a deficiency caused by the foreclosure of a deed of trust on the home which he and Mrs. Keller were purchasing. Though Keller remarried in May 1967 he computed, as if he had remained single, that his living expenses, including the sum of $243 per month as payment on the bank loans, would require $852 per month. Mrs. Keller has worked part time since the divorce but testified that health problems prevent her from full time employment. She contends that she needs additional sums upon which to live and, thus, she seeks under the prayer of her cross-petition to have the alimony payments increased.
After a full hearing the special chancellor made a finding that there had been a material change in circumstances which affected Keller’s ability to comply with the decree and further construed the provision of the original decree with reference to bonus money to mean annual management bonuses and not quarterly achievement bonuses. The special chancellor entered a decree which (1) entitled Mrs. Keller in the future to receive one half of Keller’s annual management bonus or $600 whichever be the lesser, (2) modified the former decree by reducing to $15,000 the amount of life insurance Keller was required to maintain, and (3) dismissed Mrs. Keller’s cross petition. From this decree Mrs. Keller prosecuted this appeal.
Mrs. Keller contends that since the original decree recited that “ * * * counsel for both parties having announced to the Court that all matters of property and support have been settled between them,” that the lower court could not modify that decree which was based upon an agreement of the parties. Logue v. Logue, 234 Miss. 394, 106 So.2d 498 (1958). We do not agree. Though the court entered its decree in accordance with such an agreement, no other reference is made regarding that agreement which essentially dispensed with the necessity of proof on the question of alimony and property settlement. It is the decree of the court which the parties must obey, not the prior agreement. And the court may modify that decree notwithstanding its consensual basis. Hughes v. Hughes, 221 Miss. 264, 72 So.2d 677 (1954); Bunkley and Morse’s Amis, Divorce and Separation in Mississippi, Section 6.11 (1957).
Mrs. Keller contends that no evidence of a material change in circumstances was presented that would justify a reduction of the amount of insurance to be maintained for Mrs. Keller’s benefit from $50,000 to $15,000. There has been a slight increase in Keller’s gross income, and depending on the amount of his 1968 income taxes, a possible small reduction *810 in net income; however, the change in his income is not a material one. According to his testimony concerning his living costs, loan payments, high house rent in New Orleans, and other financial responsibilities, his financial situation is not encouraging; but the facts do not justify a finding of a material change in the circumstances of which account may be taken in determining whether the original decree should be modified. Therefore, the trial court erred in modifying the original decree by reducing the amount of life insurance required to be maintained for Mrs. Keller’s benefit.
Mrs. Keller further maintains that the trial court erred in construing the provision of the divorce decree with reference to her receipt of $600 or one-half of Keller’s annual bonus, whichever be the lesser. At the time the divorce decree was entered Keller was receiving approximately $2,500 per year in annual management bonus moneys pursuant to his capacity as a field sales manager. After his transfer to New Orleans during 1966 and becoming a district sales manager, the amount of his annual management bonus has been greatly decreased, but he has been receiving substantial “quarterly achievement bonuses”. In 1968 the quarterly achievement bonuses totaled $2,800 while the annual management bonus, * * * over and above his regular income, * * * the sum of $600 stated that Mrs. Keller was to receive from Keller “ * * * out of each annual bonus, * * * over and above his regular income, * * * the sum of $600 per year or 50% of the bonus money received for the year, whichever is the lesser.” In our opinion, the decree was not intended to refer only to his annual management bonus and payment was to come from Keller’s total bonus income “over and above his regular income.” Thus, the decree applies to his quarterly achievement bonuses, as well as annual management bonuses, and Mrs. Keller is entitled to receive $600 annually or one-half of any bonus Keller receives over and above his regular income, whichever is the lesser.
The chancellor was correct in dismissing Mrs. Keller’s cross petitition and that part of the chancellor’s decree is affirmed.
For the reasons stated the chancellor’s modification of the decree dated April 26, 1965, is reversed and judgment is entered dismissing Keller’s petition.
Reversed, petition for modification dismissed and the motion for attorney’s fee sustained for one-half the sum allowed in the trial court.
Reversed, petition for modification dismissed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.