382 So.2d 287 (1980)
Miles Curtiss McKEE
v.
Mary Griffin McKEE.
No. 51437.
Supreme Court of Mississippi.
January 9, 1980.
As Corrected on Denial of Rehearing April 2, 1980.
Cox & Dunn, Vardaman S. Dunn, Jackson, for appellant.
Young, Scanlon & Sessums, James Leon Young, Jackson, for appellee.
En banc.

ON PETITION FOR REHEARING
ROBERTSON, Presiding Justice, for the Court:
The petition for rehearing is granted as to the increase in alimony, but denied as to *288 the increase in the support of the two children of the marriage and the allowance of a $750 attorney's fee for appellee's attorney. The affirmance, without opinion, on September 12, 1979, of the Decree of the Chancery Court of the First Judicial District of Hinds County is withdrawn and set aside.
The Final Decree of Divorce of February 25, 1972, was an agreed decree as far as property settlement, alimony, and support of the two minor children of the marriage were concerned. Among other things, that decree recited:
"[A]nd the parties having announced to the Court that they have settled and compromised the property division and alimony questions in accordance with the terms hereinbelow set forth,
.....
"5. Defendant shall pay to the complainant monthly alimony of $700.00 per month commencing March 1, 1972, through July 1, 1972. Thereafter defendant shall pay to complainant monthly alimony each month of $500.00 commencing August 1, 1972, until the death of one of the parties or remarriage of complainant."
Paragraphs 7, 8, 9, 10 and 11 of that decree cover the division of two automobiles (one to complainant, the other to the defendant), the awarding of all household goods, furnishings and equipment together with the home and lot at 209 South Brook Drive, to the complainant, the acquiring of a $100,000 twenty-year decreasing term life insurance policy by Curtiss McKee on his life with Mary Griffin McKee and the two children as beneficiaries, and the execution of a quitclaim deed by Mary Griffin McKee to Curtiss McKee conveying her undivided 1/2 interest in an Eastover lot for which Curtiss McKee would pay her $7,000 in cash.
It is apparent to this Court from the careful wording of this detailed and specific "Final Decree of Divorce," dated February 25, 1972, that Curtiss McKee and Mary Griffin McKee intended to settle once and for all, all property questions and all alimony questions existing between them. They were being divorced each from the other, and it was certainly desirable that they settle once and for all, all differences between them. They both were mature and intelligent adults; both were advised by competent and experienced counsel. We held in In re Estate of Kennington, 204 So.2d 444 (Miss. 1967), that such "[m]arital settlement agreements are not contrary to public policy."
However, Mississippi Code Annotated section 93-5-23 (1979 Supp.) provides:
"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and may, if need be, require sureties for the payment of the sum so allowed. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require." (Emphasis added).
This simply means that each case must sit on its own bottom; each must be considered on its own merits; each must be decided on the facts and circumstances of that particular case.
While it is true that an agreed decree as to alimony is subject to review because of a material change of circumstances, careful consideration will always be given to the intent and purpose of the parties at the time the Final Decree of divorce is entered, and such a decree, as to alimony, will not be modified unless the change in circumstances is clear and substantial.
On February 25, 1972, when the final decree of divorce was entered, Mrs. McKee was earning approximately $5100 per year; in 1978, when the Petition to Modify was filed, she was making $15,292 per year from her employment and investments. Mr. *289 McKee's annual income was $31,549 in 1971 and $75,817 in 1977. The annual income of each has steadily increased with the onward march of inflation. These established facts, of right, ought to be considered along with the clear intention of Mr. and Mrs. McKee, both mature and intelligent adults, to settle on February 25, 1972, all monetary and property questions existing between them.
In Roberts, et al. v. Roberts, individually and as Administratrix, etc., 381 So.2d 1333 (1980), we held that a property settlement agreement entered into a few days before Roberts' death, even though the divorce case had not been tried and no divorce decreed, was binding on the parties, and Mrs. Roberts would not inherit as an heir at law.
In Hopkins v. Hopkins, handed down January 23, 1980, 379 So.2d 314 (Miss. 1980), we held that a final decree of divorce, entered on December 2, 1977, approving a property settlement of the parties and granting lump sum alimony, was not subject to change on a petition to modify and provide for monthly alimony.
The chancellor's increase in the children's support from $6,000 to $10,000 per year is amply supported by the evidence adduced. The children are older (one is in college), and all of their expenses have greatly increased, due in no small measure to an average inflation factor of 8% a year for six years (1972-1978).
We are, therefore, of the opinion that the decree, of December 18, 1978, modifying the Final Decree of Divorce, should be reversed and set aside as to the $2,000 annual increase in alimony, but affirmed as to the annual increase in the children's support from $6,000 to $10,000 per year, and affirmed as to the allowance of $750 attorney's fee for Mrs. McKee's attorney. Having applied for the allowance of an additional fee for representing her in this Court, in line with our usual custom, we allow her attorney a $375 fee (1/2 of the fee allowed in the trial court).
The appellant is taxed with one-half of the court costs, and the appellee with one-half.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.