385 So.2d 610 (1980)
Ernest W. STONE, III, Executor of the Last Will and Testament of Mary Doris Stone[1]
v.
Ernest W. STONE.
No. 51810.
Supreme Court of Mississippi.
June 4, 1980.
Rehearing Denied July 23, 1980.
Robertshaw & Merideth, H.L. Merideth, Jr., Greenville, for appellant.
Mansour & Thomas, Stephen L. Thomas, Greenville, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
Mary Doris Stone (wife), filed suit in the Circuit Court of Washington County against Ernest W. Stone (husband) to recover the fair rental value of land owned jointly by the parties but farmed exclusively by the husband from 1969 to 1979. The husband asserted as an affirmative defense that he was entitled to farm the land free of any rent under the provisions of a separation agreement entered into between the parties in 1965.
The trial judge sustained a motion for directed verdict at the conclusion of the wife's case. The principal issue is whether the husband was entitled to use the land rent free under the 1965 separation agreement.
The parties were married in 1936 and lived together as husband and wife until 1965 at which time they separated. During their marriage, the parties acquired 633 acres of land in Washington County. The husband was engaged in farming operations on the land with the wife devoting her time *611 and interests to making a home for the parties and their four children. Title to 433 acres of land was in the husband and title to 200 acres of land was in both parties.
The wife filed a bill for separate maintenance in 1965 and a separation agreement was signed by the parties with the approval of their respective attorneys on December 3, 1965. Under the terms of the agreement, the husband agreed to convey to the wife an undivided one-half interest in the 433 acres owned by him. He was to have the use of the land for agricultural purposes without charge or rental except he agreed to maintain the property, timely pay all debts secured by a lien on the property, and to pay all taxes. The agreement also provided that the covenant with reference to the 433 acres should apply to 200 acres of land jointly owned by the parties. The wife was granted exclusive possession, use and occupancy of the residence, including a reasonable curtilage thereto, which had been occupied by the parties before the separation and was occupied by the wife at the time the agreement was signed. The husband also agreed to convey a Lincoln automobile then owned by him to his wife, to pay all indebtedness owing on the automobile, to assign to the wife all his interest in two life insurance policies with the exception that the husband's mother would remain a joint beneficiary in one policy, and the husband was to pay all premiums due on the policies.
The separation agreement provided for the support of the wife by the husband as follows: the husband was to pay the wife $500 monthly for her support, pay all medical expenses incurred by the wife, pay the cost of all utilities, except telephone expense, for the home occupied by the wife, to give the wife exclusive use and possession of all items of household goods and personal property located in the residence house, except personal items belonging to the husband, to keep the residence and household goods insured, to purchase and give to the wife a new automobile of her choice costing no more than $4500, exclusive of taxes, every three years beginning with the 1967 year model, reserving the right to the husband to sell or trade the automobile then owned by the wife on such new automobile, to pay all taxes on the automobiles and to maintain them except the wife was to furnish gasoline, oil and routine maintenance costing less than $100 at any given time, and to maintain liability, collision, comprehensive, property damage and medical insurance on such automobiles.
The separation agreement also contained provisions for payment of debts then due and for the support of two minor children and attorney's fees. The agreement also provided that it could be incorporated in whole or in part in any temporary order or final decree rendered in the suit for separate maintenance then pending between the parties.
The husband delivered a quitclaim deed and bill of sale on December 3, 1965, by which he conveyed to his wife an undivided one-half interest in the 433 acres of land and the Lincoln automobile mentioned in the agreement. The chancery court of Washington County entered an interlocutory order on December 3, 1965, and incorporated the separation agreement in the order. A final decree in the separate maintenance suit was entered April 1, 1966 expressly incorporating the agreement in the decree by reference.
Mrs. Stone filed a bill for divorce against her husband in March, 1969, and prayed that the separation agreement be incorporated in any decree of divorce. She also alleged that, since the date of the separation agreement, the earnings and ability of her husband to support her had materially increased, her cost of living had materially increased, and requested that the support provided for her in paragraph seven of the agreement should be increased as alimony in the sum of not less than $750 per month. She also alleged that the defendant had failed to pay $394.13 of medical expenses incurred by her and that the defendant had assigned to her the two policies of life insurance mentioned in the separation agreement but had not executed documents of assignment so that the assignment could be *612 perfected with the Prudential Life Insurance Company of America. She also alleged that the defendant had failed to maintain the residence in accordance with the separation agreement and alleged that defendant should be directed to make necessary and reasonable repairs to the residence. She also prayed for an allowance of attorney's fees for representation in the divorce action.
In the final decree of divorce rendered August 29, 1969, the chancery court awarded the wife a divorce and directed the husband to pay alimony in the amount of $675 per month beginning September 1, 1969, directed the husband to pay to the complainant $650 to pay the cost of her solicitor's fees, awarded custody of the one minor child of the parties to the wife with reasonable visitation privileges granted to the husband, directed the husband to pay the reasonable costs and expenses of the child for attending college, including medical expenses of the child. The decree also granted the wife exclusive possession of the residence, including a reasonable curtilage, and the personal property located in the residence and directed the husband to keep the property insured with no less than the same insurance coverage then carried on the property, and to timely pay the insurance premiums and all taxes due on the property. The decree also awarded complainant legal title to the automobile she then had in her possession on the theory that complainant was the equitable owner thereof and directed the husband to deliver the automobile free of any liens or to timely pay any indebtedness then owing on the automobile.
With reference to the prayer of the decree pertaining to matters covered by the separation agreement, the husband was directed to pay complainant $394.13 for the medical expenses sued for, the husband was required to perform everything reasonably necessary to complete the assignment to the wife of the two policies of insurance and to timely pay all premiums then or thereafter due on the policies. The decree did not direct the husband to make any repairs to the residence occupied by the wife. No appeal was taken from the decree.
We note the separation agreement dealt with a property settlement and the subsequent transfer of property by the husband to the wife and provided for the support of the wife and the children of the parties. All of the provisions of the separation agreement dealt with support of the wife and children except for the provision pertaining to the conveyance of the land, the right of the wife to occupy the home, and assignment of insurance policies to the wife.
The property settlement entered into between the parties was not made subject to the approval of the chancery court; therefore, all of the provisions of the agreement except those pertaining to support of the wife, child support and custody retained a purely contractual nature. The provisions of the agreement pertaining to support of the wife and children and custody of the children were subject to modification by the chancery court in the divorce action, but the provisions pertaining to the conveyance and use of the land, the occupancy of the residence house by the wife, the duty of the husband to maintain the real property and the assignment of life insurance policies were permissible subjects of a contractual agreement. This principle was enunciated in the case of Logue v. Logue, 234 Miss. 394, 106 So.2d 498 (1958). In that case Ben Logue sued his wife for divorce and the parties entered into a separation agreement before the final decree was entered whereby they undertook to settle all property and support questions between them. The agreement provided that Mrs. Logue was to have full and complete title to a house and lot in Jackson, Mississippi, and Mr. Logue agreed to assume the indebtedness then existing on the house and lot and to make payments on the indebtedness in monthly installments of $78.00 each. Mr. Logue was given full and complete title to a deed of trust, a yacht, and Mrs. Logue was to have full ownership of an automobile. The separation agreement further provided that Mr. Logue was to pay his wife $150 per month as alimony and support to continue as long as Mrs. Logue did not remarry. Thereafter *613 the monthly alimony was reduced from $150 to $100 per month and after Mrs. Logue remarried, Mr. Logue was relieved of any further payment of alimony.
Mr. Logue filed a petition for modification of the decree and sought to be relieved of the payment of $78 per month on the debt due on the house and lot. The chancery court denied the relief sought and in affirming, this Court stated:
Of course if this agreement to pay the $78 monthly installments of the indebtedness on the real estate had been fixed by the chancellor in the first instance as a part of the alimony to be paid to the wife, then her remarriage would have terminated his obligation to pay the $78 per month, but the chancellor was entitled to take into consideration in determining whether or not the payment of this $78 per month was intended as alimony the fact that the separation agreement expressly provided that the "$150 alimony" should continue "so long as the Party of the Second Part does not remarry", and that these words were not contained in the subsequent provision whereby he assumed to pay the $78 per month. The chancellor denied the appellant any relief on his petition to modify the decree of January 30, 1953, and dismissed the same. Of course if the $78 per month installments had been designated as part of the alimony, as was the $150 per month, the court would have had jurisdiction and authority, upon proper cause shown, to have modified the allowance of alimony at a subsequent date, but the court was warranted in holding that the appellant was bound by his separation agreement since there were considerations moving to him in connection with the Zilish deed of trust, the yacht, and the amount that he was to pay monthly as alimony, as mentioned therein. (234 Miss. at 400, 401; 106 So.2d at 500).
In the case of Hughes v. Hughes, 221 Miss. 264, 72 So.2d 677 (1954), we held that the support provision for a wife in an agreement between a husband and wife which included both a property settlement and alimony for the wife could be modified as to alimony under changed conditions and circumstances. Mrs. Hughes was granted a divorce from Mr. Hughes. Before the final decree was entered the parties entered into a written agreement by which Mr. Hughes agreed to convey to Mrs. Hughes their home, pay off the mortgage on the home, and pay her $200 per month alimony. The agreement was incorporated in the final decree and the court ordered Mr. Hughes to pay, within a reasonable time, the balance due on the mortgage on the home which he had deeded to Mrs. Hughes, and pay Mrs. Hughes $200 per month alimony until further orders of the court. On petition of Mr. Hughes the chancery court reduced the alimony from $200 to $100 per month. On appeal Mrs. Hughes argued that the court was without authority to modify the former decree because the agreement entered into between the parties was a binding contract and not subject to change. In affirming, this Court stated:
We find no merit in this contention.[2] Section 2743, Mississippi Code of 1942 provides as follows:
"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just make all orders ... touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."
In Amis, Divorce and Separation in Mississippi, Section 209, we find the following on the subject of force and effect of a consent decree: "... Such a consent decree merely dispenses with the necessity of taking proof and making an allowance based thereon. And in all cases it is the decree of the court, rather *614 than the contract of the parties, and may be enforced, modified, or revoked, in the same way as if it had been an adjudication based on testimony duly taken. There is much authority on the contrary, holding that a judgment by agreement or consent, is a mere record contract and that it may not be changed or modified by the court. That is the rule in other classes of cases; but the duty of the husband to support his wife is a matter in which the state has an interest, and the statute has accordingly authorized the court to change or modify any decree for continuous alimony, and to make new decrees from time to time as the necessities of the case may require. Such being true, the parties may not by contract or agreement deprive the court of that power, nor may the court itself renounce it. It is a continuing duty of the court as well as a continuing power. The whole question of the wife's alimony, and all its incidents, is committed by the statute to the court, as a continuing power and duty; and it would be a strange proceeding, if the court, by adopting the agreement of the parties and incorporating it into the decree as its adjudication could thereby estop itself, or abdicate the duty, power and authority conferred on it by statute. Whatever may be the rule elsewhere the statute in this state is supreme; and every agreement in reference to alimony, to be incorporated in any decree of the court, is made subject to the power of the court to modify or revoke it, which is necessarily incorporated in every such agreement." (221 Miss. at 267, 268; 72 So.2d at 677, 678).
The separation agreement of the parties in this case included matters subject to modification and other matters not subject to modification. The provisions of the agreement relating to the support of the wife and custody and support of the minor children were subject to modification under changed situations and circumstances under section 93-5-23 Mississippi Code Annotated (Supp. 1979). Logue v. Logue, supra; Hughes v. Hughes, supra. The provisions of the agreement not subject to modification include the transfer of an undivided one-half interest in 433 acres of land to the wife, the right of the wife to occupy the residence on the land during her lifetime, the agreement of the husband to maintain the real property and to timely pay the taxes and debts due on the real property, the right of the husband to use the real property rent free for agricultural purposes, and the assignment of the two life insurance policies. These provisions are not subject to modification because they are permissible subjects of contractual agreements between a husband and wife.
If the wife had any complaint about the husband not fulfilling his contractual agreement to maintain the property she should have brought suit for this item, and not a suit to collect rent. If she had any complaint about the insufficiency of the support allowed in the final decree of divorce, her remedy was by petition for modification. The wife was not entitled to rent on the land because her agreement that her husband could use the land for agricultural purposes without payment of rent was a valid agreement not subject to modification. The trial court properly sustained the motion for a directed verdict at the conclusion of the wife's evidence.
AFFIRMED.
PATTERSON, C.J., SMITH, and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Mrs. Stone died while this appeal was pending and the appeal was revived in the name of her executor.
[2] This appears in the 1972 Code as section 93-5-23.