392 So.2d 1145 (1981)
Elizabeth N. TAYLOR
v.
O.B. TAYLOR, Jr.
No. 52031.
Supreme Court of Mississippi.
January 21, 1981.
B. Stirling Tighe, Tighe, Ross & Robinson, Jackson, for appellant.
Joe R. Fancher, Jr., Powell & Fancher, Canton, for appellee.
En Banc.
PATTERSON, Chief Justice for the Court:
Elizabeth N. Taylor filed a petition in the Chancery Court of Madison County against O.B. Taylor, Jr. for modification of a divorce decree previously entered by that court. The Chancellor dismissed the petition *1146 on demurrer holding as a matter of law that the petitioner was not entitled to the modification sought. Aggrieved, Mrs. Taylor appeals.
She has filed three assignments of error but the primary question involved is whether or not the final divorce decree, involving property rights and alimony, is subject to modification.
The decree was rendered July 14, 1977, on the ground of irreconcilable differences. On July 8, 1977, the parties executed an instrument entitled "Separation, Alimony and Property Settlement Agreement." Among other things, it provided, "Husband and wife are each represented by counsel and now desire to settle and agree among themselves with reference to separation, alimony and property rights between them arising from said marriage." Alimony was stated as follows:
"... $2000 per month alimony until February 1981.
... $1000 per month alimony from February 3, 1981, and thereafter,
... the mortgage payments of $271.31 monthly on the condominium, as additional alimony,

... the premium on $30,000 life insurance policy on the husband of which the wife is beneficiary in additional alimony,

... the premium on $50,000 life insurance policy in an alimony trust for the wife is additional alimony."
The court held in its decree that the parties had made adequate provision for alimony and maintenance of the wife and the disposition of their properties. It was ordered that the agreement be incorporated into, and made a part of, the decree and each party was ordered to abide by its terms.
The Chancellor, in sustaining the demurrer, reasoned that a divorce decree which incorporates an agreement of the parties in settlement of property and alimony and which explicitly provides the agreement is a full and final settlement of all claims for alimony is not subject to modification as to the alimony alone. And, indeed, the agreement was and is between two mature and competent persons who were each represented by able counsel when the contract was drawn and which unquestionably does incorporate unambiguously an intention of finality. In part the agreement states:
"This agreement shall constitute a full and final settlement of any and all claims and demands of Elizabeth N. Taylor against O.B. Taylor, Jr., or by O.B. Taylor, Jr., against Elizabeth N. Taylor for alimony of any kind or nature and shall constitute a full and final settlement and adjustment of all property rights of the parties, including either party from any further demand against the other in any event."
As mentioned the divorce was obtained because of the irreconcilable differences existing between the parties. The authority for the divorce is found in Mississippi Code Annotated, Section 93-5-2 (Supp. 1979) and follows in part:
"Divorce from the bonds of matrimony may be granted on the ground of irreconcilable differences, but only upon the joint bill of the husband and wife or a bill of complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process. No divorce shall be granted on the ground of irreconcilable differences unless the court shall find in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties. The agreement may be incorporated in the decree, and such decree may be modified as other decrees for divorce. ..." (emphasis added).
The issue presented is whether the legislature intended by the emphasized language above to carry into the statute on irreconcilable differences the right of modification of periodic payments of alimony as it has long existed by statute and case law in divorce decrees which were based upon *1147 other grounds. Unquestionably, alimony awards by the court or by an agreement incorporated into the decree of the court, if not lump sum, have long been subject to modification upon proof of material changes in circumstances subsequent to entry of the decree because of public policy. See Keller v. Keller, 230 So.2d 808 (Miss. 1970); and Hughes v. Hughes, 221 Miss. 264, 72 So.2d 677 (1954), wherein the court approved that stated in Bunkley & Morse's Amis, Divorce and Separation in Mississippi, Section 209 (now Section 6.14), the following pertaining to consent decrees:
"Such a consent decree merely dispenses with the necessity of taking proof and making an allowance based thereon. And in all cases it is the decree of the court, rather than the contract of the parties, and may be enforced, modified, or revoked, in the same way as if it had been an adjudication based on testimony duly taken. There is much authority on the contrary, holding that a judgment by agreement or consent, is a mere record contract and that it may not be changed or modified by the court. That is the rule in other classes of cases; but the duty of the husband to support his wife is a matter in which the state has an interest, and the statute has accordingly authorized the court to change or modify any decree for continuous alimony, and to make new decrees from time to time as the necessities of the case may require. Such being true, the parties may not by contract or agreement deprive the court of that power, nor may the court itself renounce it. It is a continuing duty of the court as well as a continuing power. The whole question of the wife's alimony, and all its incidents is committed by the statute to the court, as a continuing power and duty; and it would be a strange proceeding, if the court, by adopting the agreement of the parties and incorporating it into the decree as its adjudication could thereby estop itself, or abdicate the duty, power and authority conferred on it by statute. Whatever may be the rule elsewhere the statute in this state is supreme; and every agreement in reference to alimony, to be incorporated in any decree of the court, is made subject to the power of the court to modify or revoke it, which is necessarily incorporated in every such agreement." (221 Miss. at 267, 268, 72 So.2d at 677, 678).
We again approved and affirmed that set forth above in Stone v. Stone, 385 So.2d 610 (Miss. 1980), a suit involving both alimony and property.
Section 93-5-23 of Mississippi Code Annotated (Supp. 1979) provides in pertinent part:
"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and may, if need be, require sureties for the payment of the sum so allowed. The court may afterwards, on petition, change the decree, and make from time to time such new decree as the case may require. ..." (emphasis added).
We considered this section in McKee v. McKee, 382 So.2d 287 (Miss. 1980), on petition for rehearing, and once again approved the principal of modification. Although McKee was not a case based upon a divorce for irreconcilable differences, it did concern a consent decree as to property, maintenance of children, and alimony for the wife in a final decree for divorce. In considering this section we held:
"It is apparent to this Court from the careful wording of this detailed and specific `Final Decree of Divorce', dated February 25, 1972, that Curtiss McKee and Mary Griffin McKee intended to settle once and for all, all property questions and all alimony questions existing between them. They were being divorced each from the other, and it was certainly desirable that they settle once and for all, all differences between them. They both *1148 were mature and intelligent adults; both were advised by competent and experienced counsel. We held in In re Estate of Kennington, 204 So.2d 444 (Miss. 1967), that such `[m]arital settlement agreements are not contrary to public policy.'
...
This simply means that each case must sit on its own bottom; each must be considered on its own merits; each must be decided on the facts and circumstances of that particular case.
While it is true that an agreed decree as to alimony is subject to review because of a material change of circumstances, careful consideration will always be given to the intent and purpose of the parties at the time the Final Decree of divorce is entered, and such a decree as to alimony, will not be modified unless the change in circumstances is clear and substantial." (382 So.2d at 288)
A scrutiny of Section 93-5-2 reveals that it does not literally use the word "alimony", but rather speaks in direct terms only to "sufficient provision by written agreement" for the maintenance of children of the marriage and "for the settlement of any property rights between the parties." Although this statute is silent regarding alimony, indicating the parties are not absolutely required to make provision for such in order to obtain a divorce on the grounds of irreconcilable differences, in this case the parties voluntarily chose to reach an agreement providing for periodic payments of alimony to the wife, thus bringing their Final Consent decree under the purview of the modification clause contained in Section 93-5-2. It could be argued that the legislature did not intend any alimony in divorces based upon irreconcilable differences but only intended adequate provision for the minor children of the parties as well as an adjustment of property rights. In our opinion such construction upon the legislative intention would be strained and unrealistic because the question of alimony normally arises in a great majority of divorce suits, a factor of which the legislature was undoubtedly aware at the time the statute was passed. To so construe the legislature's intent would limit the application of the irreconcilable differences statute to the wealthy few with sufficient property for division between themselves for their maintenance without the necessity of considering alimony and its obligations. We are of the opinion the legislature did not intend this result and in its wisdom enacted the statute for the benefit of all the citizens, including those without property or sufficient wealth for a lump sum alimony settlement; for after all they, on occasion, also have irreconcilable differences to arise.
If not limited as mentioned, did the legislature by the clause, "the agreement may be incorporated in the decree, and such decree may be modified as other decrees for divorce ..." intend only the modification of child support awards when no question has ever arisen concerning not only the right but the necessity of modification of an award when the best interest of children require it? Or did it propose the modification of property rights when heretofore it has been held that property rights, as distinguished from alimony, are not subject to revision? Stone, supra; Logue v. Logue, 234 Miss. 394, 106 So.2d 498 (1958). We think the legislature intended neither of these things because the first was totally unnecessary, and the second would undoubtedly create an open invitation to confuse ownership or title to property when the law favors stability and repose of title.
What then did it intend by the reference to modification as permitted in other decrees for divorce? If the words are not superfluous, and we think they are not, and have meaning, as we think they do, the legislature, in our opinion, intended alimony agreements based upon divorce for irreconcilable differences to be considered and treated as other consent alimony agreements are treated. While it is true that alimony awards in other divorce cases have heretofore been predicated upon fault; nevertheless, the need of alimony for necessities of life are just as urgent and real to a wife whose husband is without fault.
*1149 To hold that divorce decrees based on irreconcilable differences are modifiable only as to child support and property rights and continuous alimony agreed upon by the parties is not modifiable because the legislature did not expressly require the parties to reach a consent agreement on alimony would indeed have far-reaching implications. If Mr. and Mrs. Taylor choose to make provision for alimony, they are, of course, contractually free to do so. But public policy dictates, and we are of the opinion the legislature intended such alimony agreements to be modifiable on a showing of a clear and substantial change of circumstances. Suppose Mrs. Taylor remarries? Is Mr. Taylor required to continue the alimony payments because alimony under the irreconcilable differences statute is not modifiable? This would certainly work an injustice. Suppose Mr. Taylor becomes disabled and is unable to meet his alimony obligations? Do we require him to continue making these payments simply because his divorce was predicated on no-fault rather than fault? Again injustice and hardship would prevail. Suppose Mrs. Taylor becomes disabled and ill and requires more support money than the consent decree provided. Again, a rigid rule of non-modification of alimony in a no-fault context would legally preclude either the wife or husband seeking modification even when the facts and circumstances of the case would so necessitate a revision. Thus, it is imperative that a flexible rule be promulgated and we think this coincides with the legislature's intent. This rule, simply stated, is that fault is not a predicate for modification of continuous alimony awards. To hold otherwise would unnecessarily penalize those who seek a divorce on the ground of irreconcilable differences. We therefore are of the opinion alimony agreements in divorces based upon irreconcilable differences are subject to modification as are other decrees.
This accords with the public policy of this state as heretofore expressed in divorce decrees wherein alimony is awarded. It continues the interest of the state in its citizens as expressed in Hughes. We think we should add that the agreed alimony terms of such decree be modified only upon a change of circumstances that are clear and substantial as expressed in McKee.
REVERSED AND REMANDED.
ROBERTSON, P.J., and SUGG, BROOM and HAWKINS, JJ., concur.
SMITH, P.J., and LEE and WALKER, JJ., dissent.
BOWLING, J., takes no part.
LEE, Justice, dissenting:
I respectfully dissent from the majority opinion.
Appellant relies upon Mississippi Code Annotated Section 93-5-23 (Supp. 1980) and decisions relating thereto. The section provides:
"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and may, if need be, require sureties for the payment of the sum so allowed. The court may afterward, on petition, change the decree, and make from time to time such new decrees as the case may require." (Emphasis added)
The law is well established in Mississippi and the cases are legion that decrees entered under the above section may be modified from time to time, except where lump sum alimony is provided. Bond v. Bond, 355 So.2d 672 (Miss. 1978); Bunkley and Morse, Amis on Divorce and Separation in Mississippi, § 60.05 (1957).
The law also is settled that where the wife is at fault in a divorce proceeding, she is not entitled to alimony except under certain circumstances, i.e., where she has no property or estate, and is incapable of supporting herself, or where public policy requires support by the husband.
*1150 In Beacham v. Beacham, 383 So.2d 146 (Miss. 1980), the Court granted Mr. Beacham a divorce at the fault of his wife, but granted custody of minor children to Mrs. Beacham and directed support for them in the sum of two hundred dollars ($200.00) per month, together with four hundred twenty-five dollars ($425.00) per month to Mrs. Beacham as alimony. The children became independent, and Mr. Beacham filed a petition for modification of the divorce decree seeking discontinuance of alimony payments. In holding that Mrs. Beacham no longer was entitled to alimony, the Court said:
"Now that this duty (looking after the children) no longer rests upon Mrs. Beacham and the circumstances are such as no longer to require contributions to Mrs. Beacham from Mr. Beacham upon the basis of any need or otherwise, he should not be required to continue them. Beacham was the innocent party in the divorce and the divorce decree so adjudicated. The destruction of the marriage was the result of misconduct on the part of Mrs. Beacham. Mrs. Beacham no longer has the responsibility of the minor children. She cannot be said to be in any sense needy, in poor health, or unable to lead an independent life with ample means of support without further payment to her of alimony by Beacham. In such circumstances, requiring Beacham to continue to pay alimony to her should cease.
The policy in Mississippi regarding the award of alimony in such a case has long been established. This Court held in Coffee v. Coffee, 145 Miss. 872, 111 So. 377 (1927), that alimony will not be allowed to the wife unless the decree for divorce is in her favor. While exceptions to this rule have been noted in later cases, such as, for instance, where the wife is without estate and has no means of support or the husband's property is an accumulation of the joint efforts of the parties, or where the wife is sick and unable to earn a livelihood. None of these exists in this case.
* * * * * *
Alimony is not a bounty to which Mrs. Beacham became entitled to receive indefinitely simply by reason of the fact that at one time she had been married to Beacham. In the divorce decree, it was judicially established that the marriage had been broken up and terminated because of her own misconduct. It cannot be said that she is in any way dependent for a livelihood upon receiving alimony from Beacham. The divorce effectively and finally dissolved and ended their relationship with each other and with it their reciprocal responsibilities. Unless some reason, based upon public policy, could be pointed out that, in good conscience, there is a compelling need to require support from her former husband, he should be relieved of the burden of making contributions to her. No such reason can be pointed out in this case and we are compelled to hold that none exists." 283 So.2d at 147, 148.
See also Russell v. Russell, 241 So.2d 366 (Miss. 1970).
The legislature enacted the irreconcilable differences divorce ground in 1976. It now appears as Mississippi Code Annotated Section 93-5-2 (Supp. 1980) and provides in part as follows:
"No divorce shall be granted on the grounds of irreconcilable differences unless the court shall find in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties. The agreement may be incorporated in the decree, and such decree may be modified as other decrees for divorce." (Emphasis added)
The statute requires the parties to make adequate and sufficient provision by written agreement for the custody and maintenance of any children of the marriage (none involved here) and for the settlement of any property rights between the parties. No mention of alimony is made in the irreconcilable differences divorce statute. It *1151 may be that the legislature was familiar with established legal principles that alimony has been granted as a matter of right when the wife was blameless. Under that statute, both parties are without fault. Thus, the ground of irreconcilable differences.
Since neither party here was at fault, it is reasonable to assume that the parties intended the property settlement to supplant alimony, regardless of whether the agreement used the words "alimony" or "property settlement." Likewise, since no mention of alimony is made in the statute, the legislature apparently intended the words "The agreement may be incorporated in the decree, and such decree may be modified as other decrees for divorce" to refer only to the agreement for custody and maintenance of minor children, which the parties could not remove by agreement from the jurisdiction of the court. A property settlement agreement is final and cannot be modified, even with that wording in the statute. Stone v. Stone, 385 So.2d 610 (Miss. 1980).
In McKee v. McKee, 382 So.2d 287 (Miss. 1980), the final divorce decree contained the following provisions:
"`[A]nd the parties having announced to the Court that they have settled and compromised the property division and alimony questions in accordance with the terms hereinbelow set forth,
.....
5. Defendant shall pay to the complainant monthly alimony of $700.00 per month commencing March 1, 1972, through July 1, 1972. Thereafter defendant shall pay to complainant monthly alimony each month of $500.00 commencing August 1, 1972, until the death of one of the parties or remarriage of complainant." 382 So.2d at 288.
The lower court increased alimony and child support on petition of Mrs. McKee to modify the divorce decree. This Court, in reversing the chancellor on that part of the decree increasing alimony, said:
"It is apparent to this Court[1] from the careful wording of this detailed and specific `Final Decree of Divorce,' dated February 25, 1972, that Curtiss McKee and Mary Griffin McKee intended to settle once and for all, all property questions and all alimony questions existing between them. They were being divorced each from the other, and it was certainly desirable that they settle once and for all, all differences between them. They both were mature and intelligent adults; both were advised by competent and experienced counsel. We held in In re Estate of Kennington, 204 So.2d 444 (Miss. 1967), that such `[m]arital settlement agreements are not contrary to public policy.'" 382 So.2d 288.
The Separation, Alimony and Property Settlement Agreement involved here is different from those in other cases which have come to our attention in that it contains the following:
"This agreement shall constitute a full and final settlement of any and all claims and demands of Elizabeth N. Taylor against O.B. Taylor, Jr., or by O.B. Taylor, Jr. against Elizabeth N. Taylor for alimony of any kind or nature and shall constitute a full and final settlement and adjustment of all property rights of the parties, including either party from any further demand against the other in any event." (Emphasis added)
It is apparent from the above provision that the parties intended the instrument to be a final determination of all rights of every kind between them, particularly since no minor children were involved. If the "alimony" had been designated as lump sum alimony, payable in the manner agreed upon in the instrument, we probably would not be faced with the question here.
In Hopkins v. Hopkins, 379 So.2d 314 (Miss. 1980), the Court held that a final divorce decree could not be modified on petition seeking additional alimony. With reference to alimony, the decree stated:

*1152 "`It is further,
ORDERED, ADJUDGED AND DECREED that the Defendant shall pay unto the Complainant the sum of $2,000.00 on or before Jan. 1, 1977, thereby discharging him from any and all claims of the Complainant. That in addition to the lump sum payment, Defendant is hereby ordered to pay unto Complainant, beginning on January 1, 1978, the sum of $150.00 per month, temporary alimony for eight (8) consecutive months, in the full sum of $1,200.00 ...'" 379 So.2d at 315.
In the case sub judice, the agreement provided for two thousand dollars ($2,000) per month alimony until February, 1981, one thousand dollars ($1,000) per month alimony from February 3, 1981, and thereafter. Other payments for mortgage and life insurance premiums were designated as additional alimony.
I am of the opinion that the lower court was correct in sustaining the demurrer to the petition for modification and that the judgment should be affirmed.
SMITH, P.J., and WALKER, J., join this dissent.
BOWLING, J., took no part.
NOTES
[1] The Court held that, although the decree might be modified, the change in circumstances must be clear and substantial.