ROBERTS, J.,
for the Court:
¶ 1. This appeal is taken from the judgment of the DeSoto County Chancery Court in which the chancellor granted Kelly Don Wilson (Wilson) and Tara Wilson a divorce on the ground of irreconcilable differences.[1] Tara does not appeal the grant of divorce, only (1) that the chancellor erred in granting Wilson custody of their child, (2) enforcing only the property-division portion of the property-settlement agreement, and (3) by overruling her motion to exclude the property-settlement agreement from evidence.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 18, 2007, Wilson filed a complaint for divorce against Tara on the grounds of habitual cruel and inhuman treatment and uncondoned adultery or, in the alternative, irreconcilable differences. They had been separated for just over a month. The chancellor granted the divorce on the ground of irreconcilable differences on August 14, 2009. They have one son together born on February 10, 2003. They let the chancery court decide *867 which party should have custody of their child, decide the division of marital property, determine the disposition of their marital home and who should pay the outstanding debts on the home, and determine who should make the guardian ad litem (GAL) payments.
¶ 3. After hearing testimony from several witnesses, including both of the parties, the chancellor considered the Albright factors and awarded full custody of the child to Wilson. The chancellor found the following factors in favor of Wilson: (1) parenting skills and capacity to provide care, (2) physical and mental health of the parents, (8) moral fitness, (4) stability of the home environment, (5) stability of parents’ employment, and (6) other relevant factors: the GAL’s report. The remaining factors were neutral as to either parent.[2] The chancellor found no factor favored Tara. The chancellor did grant Tara visitation.
¶ 4. The chancellor did not award Tara any alimony, and she was not required to pay child support. The couple had previously entered into a property-settlement agreement, which was found to be a binding contract between the parties as to the property-division portion. The court enforced the property-division portion of their agreement giving Wilson sole ownership of the home on Durango Drive and removing Tara’s ownership and equity interest in the property. The chancery court ordered Tara to return or replace all property taken from the home on Durango Drive while she was temporarily permitted to stay there pre trial. Finally, the chancery court ordered Wilson to pay all the GAL’s .fees incurred as a result of the divorce.
¶ 5. From this divorce order, Wilson moved the chancery court to reconsider the visitation, the lack of child support awarded, and the requirement that he pay the full GAL’s fees instead of just his portion of the fees. The chancery court reconsidered only the issue of visitation. Visitation was suspended until Tara and the child receive counseling to repair their relationship.
¶ 6. Tara now appeals raising the following issues:
I. Whether the chancellor was manifestly wrong and/or clearly erroneous in awarding the Appellee permanent custody of the minor child.
II. Whether the chancellor was manifestly wrong and/or clearly erroneous or applied an erroneous legal standard in finding that the parties entered into a property-settlement agreement that was a binding contract and should be enforced as to the property division.
III. Whether the chancellor erred in overruling the Appellant’s objection to the introduction of the property-settlement agreement into evidence.
Finding no error, we affirm.
DISCUSSION
¶ 7. The standard of review in child-custody cases is limited by the substantial evidence/manifest error rule. Wheat v. Koustovalas, 42 So.3d 606, 609 (¶ 6) (Miss.Ct.Ap.2010). A chancellor’s findings in child-custody cases may only be reversed if it is determined that the findings were “manifestly wrong, clearly erroneous, or the proper legal standard was not applied.” Mabus v. Mabus, 847 So.2d 815, 818 (¶ 8) (Miss.2003).
*868 I. CUSTODY AWARD
¶8. In awarding custody, the polestar consideration is the best interest of the child. In re Dissolution of Marriage of Leverock and Hamby, 23 So.3d 424, 429 (¶ 18) (Miss.2009). In addition to this consideration, chancellors use the factors found in Albright, 437 So.2d at 1005, to determine which parent should have custody of the child at issue. Tara argues that the chancellor did not properly consider the Albright factors when awarding custody of their child to Wilson; thus, he was manifestly wrong in awarding permanent custody of the child to Wilson. The divorce judgment entered by the chancellor makes clear that the Albright factors were considered when coming to the decision regarding custody. The chancellor listed which factors favored Wilson, found that none favored Tara, and found which factors were neutral as to Wilson or Tara.
¶ 9. In Smith v. Smith, 614 So.2d 394, 397 (Miss.1993), the Mississippi Supreme Court held that if the chancellor properly considered and applied the Albright factors when making the child-custody determination, the appellate court “cannot say [the chancellor] was manifestly wrong” in his determination.
¶ 10. Upon review of the record, we find that there is substantial evidence to support the chancellor’s assessment of the Albright factors and the award of child custody to Wilson. This issue is without merit.
II. PROPERTY SETTLEMENT AGREEMENT
A. Enforceability of the Property-Settlement Agreement
¶ 11. The chancery court may grant a divorce on the ground of irreconcilable differences if both the husband and wife consent to such divorce. Miss.Code Ann. § 93-5-2(1) (Supp.2010). A divorce granted on the ground of irreconcilable differences allows the parties to “provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties....” Miss. Code Ann. § 93-5-2(2) (Supp.2010). This agreement may be incorporated into the divorce judgment if the chancery court finds the agreement’s provisions are adequate and sufficient. Id. Judgments with property settlement agreements may be subject to modification as are other judgments for divorce. Id. However, if the parties do not enter into an agreement that is deemed adequate and sufficient, they may consent to have the chancery court decide the issues on which they cannot agree. Miss.Code Ann. § 93-5-2(3) (Supp.2010).
¶ 12. Wilson and Tara entered into a property-settlement agreement containing several provisions, including provisions regarding disposition of the marital home, child custody, and visitation. The agreement was signed by both parties in the courthouse, in the presence of their lawyers, and with a chancellor available for a hearing. Based on this agreement, the chancellor found that it was an enforceable contract as to the property-division portion, and pursuant to the agreement, the chancellor awarded Wilson the marital home and stripped Tara of all interest and equity in the home. Tara argues that she was under duress when she signed the agreement because she had not had access to her child in more than three months. Further, she states that the agreement is void because the chancellor never found the agreement to be “adequate and sufficient” which is required under Mississippi Code Annotated section 93-5-2(2). In the alternative, Tara argues that the chancellor must enforce the agreement in whole *869 as opposed to just enforcing the property-division provision.
¶ 13. It is well-established in Mississippi law that a property-settlement agreement is a binding contract between the parties. Barton v. Barton, 790 So.2d 169, 172 (¶ 10) (Miss.2001); see also East v. East, 493 So.2d 927, 931-32 (Miss.1986); Crosby v. Peoples Bank of Indianola, 472 So.2d 951, 955 (Miss.1985). These agreements generally become incorporated into the divorce judgment once the chancellor deems the provisions to provide adequately and sufficiently for both parties. Miss. Code Ann. § 93-5-2(2). Once the agreement is incorporated into the judgment, they are not modifiable absent fraud, duress, or a contract provision allowing for modification. Ivison v. Ivison, 762 So.2d 329, 334 (¶ 14) (Miss.2000); Weathersby v. Weathersby, 693 So.2d 1348, 1352 (Miss.1997); Bell v. Bell, 572 So.2d 841, 844 (Miss.1990). However, there are instances, as in the current case, in which the agreement is not made subject to the approval of the chancery court and is not incorporated into the judgment. In these instances, all of the provisions, except those pertaining to spousal support, child support, and child custody retain their contractual nature and are not subject to modification. Stone v. Stone, 385 So.2d 610, 612 (Miss.1980). The supreme court explained in Stone that courts are authorized to modify child support and custody agreements, so even a property settlement agreement containing provisions about support and custody may be modified as to those provisions. Id. However, the provisions regarding property division were not subject to modification due to their contractual nature. Id. This Court also relied on the reasoning in Stone when holding that the provisions in a property settlement agreement pertaining to property are not modifiable. Smith v. Little, 834 So.2d 54, 60 (¶ 20) (Miss.Ct.App.2002).
¶ 14. Since property-settlement agreements are considered contractual, it follows that contract defenses are available to parties. In this case, Tara argues that she was under duress when she signed the property-settlement agreement, and as a result, the agreement should be void. Tara alleges that she had not seen her child in over three months and was told that if she signed, she would be told of his whereabouts. The supreme court has held that duress may be found when the dominant party uses threats to “overpower the will of the other and ... must in fact deprive the other to act to his detriment.” Askew v. Askew, 699 So.2d 515, 518 (¶ 15) (Miss.1997) (citing Libel v. Libel, 5 Kan. App.2d 367, 616 P.2d 306, 308 (1980)). It does not appear that Tara was under duress when she signed the property-settlement agreement. She was in the presence of her own attorney, his advice was readily available to her, and she was told that a chancellor would hold a hearing the same day if the parties wished. These safeguards appear quite adequate to prevent Tara from successfully claiming duress in signing the property-settlement agreement.
¶ 15. This issue is without merit since Tara was not under duress when she signed the agreement and the chancellor did not err by only enforcing the property division provision in the divorce decree.
B. Admission of the Property-Settlement Agreement into Evidence as an Exhibit
¶ 16. Tara’s final argument is that the chancellor erred in admitting the property-settlement agreement into evidence as an exhibit over her objection that it violated Mississippi Rule of Evidence 408. This rule prevents evidence of settlements or offers to settle as proof of either the *870 “validity or invalidity of the claim.” M.R.E. 408 cmt. Since we find that this property-settlement agreement is a binding contract between the parties concerning an agreed equitable division of their marital property, it is not a settlement or an offer to settle. Thus, Rule 408 is not applicable, and this issue is without merit.
1117. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR. KING, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. The usual procedure is to refer to a party by his first name but, for clarity, Kelly Wilson is referred to throughout as Wilson.

. (1) Age, health, and sex of the child; (2) continuity of care prior to the separation; (3) the emotional ties of the parent and child; (4) home, school, and community record of the child; and (5) and age sufficient to state a preference are the remaining Albright factors. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).