404 So.2d 1032 (1981)
Jere Richmond HOAR
v.
Betty J. HOAR.
No. 52858.
Supreme Court of Mississippi.
October 14, 1981.
Rehearing Denied November 4, 1981.
Darden, Sumners, Carter & Trout, Lester F. Sumners, New Albany, for appellant.
Dwight N. Ball, Oxford, for appellee.
Before PATTERSON, SUGG and LEE, JJ.
*1033 LEE, Justice, for the Court:
Jere Richmond Hoar filed a petition in the Chancery Court of Lafayette County, Honorable Anthony T. Farese presiding, against Betty J. Hoar for enforcement of the provisions of a divorce decree pertaining to a property settlement. Mrs. Hoar denied the averments of the petition and also filed a petition for modification of the decree. The chancellor heard the petitions together and entered a decree adverse to Mr. Hoar in most respects, and he appeals.
On September 23, 1977, appellant and appellee were granted a divorce on the ground of irreconcilable differences. They had negotiated a settlement agreement providing for support and custody for the parties' three children, and disposition of property rights, real and personal. The provisions of the agreement were incorporated in the court decree.
Appellant contended that appellee violated the terms of the court decree in refusing to grant him access to the home in order to gain possession of his personal effects; that appellee declined to divide personal property which was agreed upon and ordered by the court; and that she declined to pay one-half of the appraisal cost of the personal property.
Appellee principally contended that appellant terminated support payments for Thomas Hoar, the eldest child of the parties, when he attained his twenty-first birthday; that there had been a material change in the circumstances of the parties; *1034 that the court should require appellant to pay one-half of the expenses of repairing the home of the parties; that the court should increase the monthly support for the children and should require the appellant to pay certain medical bills incurred on behalf of the children.
The chancellor held that appellee was not in contempt of the court for not performing the provisions of the decree. He ordered the appellee to pay unto appellant $125 on the appraisal fee of personal property and that appellant pay $200 per month for the support of Thomas Hoar until he attained the age of twenty-two years. He further ordered the appellant to pay one-half of all medical expenses incurred by the children in excess of the coverage provided by medical insurance, and to pay one-half of repairs and maintenance costs to the residence, in excess of $100 per individual repair.

I.

Did the chancellor err in overruling the appellant's motion to dismiss at the close of appellee's proof in support of modification because there was no material change in circumstances surrounding the parties and did the chancellor err in amending the settlement agreement made by the parties and approved by the court?
Appellant contends that the chancellor erred (1) in ordering him to pay the college tuition (support) and maintenance for Thomas Hoar through his college attendance, after he attained the age of twenty-one years and (2) in ordering him to pay one-half of the cost of repairs and maintenance to the home of the parties above $100. The pertinent part of the settlement agreement follows:
6. Child support.

(a) Husband shall pay to the Wife the sum of Two Hundred Dollars ($200.00) per month as child support for Benjamin Jere Hoar, the minor child of the parties.
(b) To assist in defraying the cost of college for Thomas Jonathan Hoar, Husband agrees that so long as Thomas Jonathan Hoar maintains his residence with Wife, Husband shall pay Wife $100.00 per month directly to Wife to assist with the maintenance of Thomas Jonathan Hoar and $100.00 directly to Thomas Jonathan Hoar. These payments shall continue so long as Thomas Jonathan Hoar is in college or until he reaches his 21st birthday. If Thomas Jonathan Hoar moves from the residence of Wife while still in college, the $200.00 per month shall be paid directly to Thomas Jonathan Hoar or used for fees, books, board or other similar expenses paid directly by Husband. Any remainder of the $200.00 per month support shall be disbursed to Thomas Jonathan Hoar or placed in a bank account for withdrawal by Thomas Jonathan Hoar. If Husband shall cease to be employed by the University of Mississippi, he then agrees to furnish the cost of tuition, on a best effort basis unless Wife shall be entitled to same by virtue of her employment by the University of Mississippi.
* * * * * *
(e) As additional child support, Wife shall have the use of the residence of the parties so long as the youngest child has not completed college or has not otherwise terminated his right to support as hereinafter set out whichever event shall be last. In no event shall Wife's use of the house extend beyond June 1, 1985. During this period of use and occupancy by the Wife and children, Husband shall make the monthly payment of principal and interest and escrow deposits for insurance and taxes as additional child support. During this period of use and occupancy, the Wife agrees to keep the house in good repair and maintenance.

(f) As to either son, Husband's obligations for support and college assistance shall terminate upon the earliest of any of the following events:
1. Death of the child;
2. Marriage of the child;
3. Completion of High School or the attainment of the age 18 with the permanent intent not to complete college;

*1035 4. Suspension of college education for any reason other than illness for more than a three-month period (the normal summer period being between regular semesters);
5. Completion of college or the normal four-year undergraduate course;

6. Four years past High School graduation.

(g) Husband shall carry both sons on his group hospital and medical insurance provided by the University of Mississippi and will, so long as no additional premium cost is incurred, carry the Wife also. It is understood that should the premium for the two sons and the Wife exceed $30.00 per month that the Wife shall have the option of paying Husband the excess cost or she shall be entitled to $30.00 additional child support and Husband will not be relieved of carrying the two sons on the hospital and medical insurance coverage at the University of Mississippi. If Wife elects to receive $30.00 she shall carry the two sons on a hospitalization insurance policy equal to that provided for employees of the University of Mississippi.
(h) Husband shall be entitled to claim both boys as dependents for income tax purposes. (Emphasis added.)
Appellant argues that the chancellor did not have authority to order him to pay for his son's college education after the son reached the age of twenty-one years and relies upon Watkins v. Watkins, 337 So.2d 723 (Miss. 1976), wherein the Court said:
The 1964 decree for support was entered pursuant to Mississippi Code Annotated section 93-5-23 (1972), which provides that when a divorce is decreed the court may "make all orders touching the care, custody, and maintenance of the children of the marriage." The statute does not by its terms limit the court's power to children under twenty-one years of age. However, it is common knowledge that in the context of this statute the bench and bar have applied the term "children" to offspring who are less than twenty-one years of age. The Legislature enacted Chapter 268, Laws of 1960 (Mississippi Code Annotated section 93-11-65 [1972]), providing for remedies for the support, maintenance and custody of "minor" children "in addition" to the right to proceed under section 93-5-23, and "in addition" to the remedy of habeas corpus in proper cases. The limitation of the 1960 Act to minor children was a legislative recognition that in section 93-5-23 the term "children" was used to describe minor children. (337 So.2d at 724)
Appellee relies upon Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960), and contends that Pass is authority for requiring a father to educate and maintain his child in college after that child attains majority. She urges that we extend the principle now so that it applies to an adult child in college. In view of our conclusion on the question of support for Thomas Hoar in the present case, we decline to address that question. See Duett v. Duett, 285 So.2d 140 (Miss. 1973).
Sections 6(b) and (f) of the settlement agreement pertain to support for the children, particularly Thomas Hoar. The chancellor held that those provisions are ambiguous on the question of maintenance for that period that Thomas Hoar was in college (his tuition was granted by the college since appellant is a professor there). The chancellor heard evidence to explain or clear up the ambiguity and found that the parties intended that the appellant should pay support and maintenance for his son while in college. We cannot say that the chancellor was manifestly wrong in such finding and we affirm his interpretation of that part of the settlement agreement.
The appellant also contends that the chancellor erred in finding that there was a material change of circumstances surrounding the parties and in amending the settlement agreement, requiring appellant to pay one-half of the cost of keeping the home of the parties in good repair and maintenance. Use of the home was granted to appellee as additional child support and she agreed "during this period of use and occupancy, *1036 ... to keep the house in good repair and maintenance." In Taylor v. Taylor, 392 So.2d 1145 (Miss. 1981), the Court said:
This accords with the public policy of this state as heretofore expressed in divorce decrees wherein alimony is awarded. It continues the interest of the state in its citizens as expressed in Hughes [v. Hughes, 221 Miss. 264, 72 So.2d 677 (1954)]. We think we should add that the alimony terms of such decree be modified only upon a change of circumstances that are clear and substantial as expressed in McKee [v. McKee, 382 So.2d 287 (Miss. 1980)]. (392 So.2d at 1149).
In his opinion, the chancellor stated:
Now, insofar as the modification for divorce is concerned, there is a serious question raised as to whether there has been a material change of circumstances.
We have carefully examined the record in this case, and, without commenting upon the evidence, we are of the opinion that the record does not support a material change in circumstances surrounding the parties, that the chancellor erred in so holding and in ordering appellant to pay one-half of repairs to the residence, contrary to the agreement of the parties. We, therefore, reverse the chancellor on that question and enter judgment for appellant.

II.

Did the chancellor err in requiring appellant to pay one-half of all medical expenses by the children of the parties in excess of that coverage by medical insurance?
An award of support for children covers ordinary medical expenses. We are of the opinion that the settlement agreement relating to medical insurance was a part of that support. However, the principle is well established that support does not cover extraordinary medical expenses and the parents are liable for same. We hold that the hospitalization insurance was for ordinary medical expenses and that expenses in excess of that provided by medical insurance coverage is an extraordinary expense, and we affirm the chancellor on that question. Castleberry v. Castleberry, 214 Miss. 94, 58 So.2d 67 (1952).
We have carefully considered the other questions raised by the assignment of errors and are of the opinion that there is no merit in them.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.