556 So.2d 346 (1990)
William H. DUNCAN
v.
Marsha Trawick DUNCAN.
No. 07-59112.
Supreme Court of Mississippi.
January 17, 1990.
*347 Robert D. Jones, Jordan & Jones, Marvin E. Wiggins, Jr., Martin & Jones, Meridian, for appellant.
Mark A. Scarborough, Wilbourn Rogers & Scarborough, Meridian, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
The parties were divorced in 1981. Mrs. Duncan remarried and we will, therefore, refer to the parties as William and Marsha. The only issue of the marriage were Delita, born October 9, 1965 and Rhonda, born October 12, 1969. The divorce decree required William to pay the house note on the home where the parties lived and $700 per month as child support and alimony. In January of 1988, alleging a material change in circumstances, William filed a Motion for Relief, asking for a reduction in the child support and for a judgment for any alimony paid to Marsha since her remarriage. The court treated the $700 payment as consisting entirely of child support after the marriage of Marsha. The court found that Delita was not emancipated despite the fact that she was 22 years old and a fifth-year college student. The court also found that Rhonda, then 18, was not emancipated but was in school and not self-supporting. William appealed. The court entered a judgment reducing the alimony by fixing the payment for Delita at $200 and for Rhonda at $300 per month.

I.
The record showed that William and Marsha had talked about the $700 payment after Marsha had remarried and that William continued to make the payment at that rate from March of 1986 when Marsha remarried until November 1, 1987. Marsha claims that the expenses for the children had sharply increased and also that she had purchased the house from William in August of 1986, and that he was relieved of $225 per month payments at that time. The record shows that William admitted that he had not designated any part of the $700 monthly payment as alimony on his federal tax returns, and, on the whole record we are unable to say that the Chancellor was manifestly in error in treating the entire payment as child support. William received $20,000 at the time he was relieved of the $225 per month house payment, and he did not elect to make any claim for reduction at that time. In effect, the Chancellor treated the $225 house payment as alimony and the $700 per month as child support and we cannot say that this is manifestly wrong.

II.
With respect to the continued support for the daughter Delita, however, the *348 obligation of William to continue her support, absent a contract, terminated at her majority. Nichols v. Tedder, 547 So.2d 766 (Miss. 1989); Rankin v. Bobo, 410 So.2d 1326 (Miss. 1982). We must hold, therefore, that the Chancellor was in error in awarding the $200 per month support payment for Delita. While these payments were voluntarily made until November 1, they were terminated at that time and William is under no obligation to extend the payments beyond that date.
Rhonda, on the other hand, was 18 years of age at the time of the hearing of this cause, was not then emancipated. She did not work full time and her earnings were insufficient to provide the necessities for her continued education. She was enrolled as a student at Mississippi State University, and her record as a student was acceptable. The cases cited above bear to some extent on this issue. The Chancellor found that William should continue to support Rhonda at the rate of $300 per month and we cannot say he was in error in so holding.

III.
The Chancellor considered the relationship of the children to the father, and, while it was not as close as one would hope to find in the ideal family, Rhonda's behavior toward her father was not of the character described in Hambrick v. Prestwood, 382 So.2d 474 (Miss. 1980). We cannot say that the Chancellor was manifestly in error in so finding.
In accordance with the foregoing, this case is reversed and remanded for such further proceedings and judgment as may be required and as may be consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS AND JUDGMENT AS MAY BE CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.