596 So.2d 879 (1992)
David STOKES, Executor of the Estate of Gerrit Maris, Deceased
v.
Sandra Vaughey MARIS.
No. 90-CA-0897.
Supreme Court of Mississippi.
March 25, 1992.
*880 Thomas E. Royals, Cynthia Ann Stewart, Royals Hartung & Davis, Jackson, for appellant.
Joshua J. Wiener, Brunini Grantham Grower & Hewes, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the court:
This case presents the issue of parental obligation for payment of a child's post-majority college expenses. This Court reverses and renders.

FACTS
On December 15, 1987, Gerrit Maris (Gerrit) and Sandra Vaughey Maris (Sandra) were divorced. The final decree rendered in the Chancery Court of the First Judicial District of Hinds County granted Sandra, inter alia, custody of Kevin, age 20, and Nicole, age 15. The decree further provided:
That Defendant shall pay to his son Kevin Maris, or to Southern Methodist University for the benefit of Kevin Maris, during the school year 1987-88, the sum of Six Thousand Two Hundred Eighty Five and 17/100 Dollars ($6,285.17) per semester for the attendance of his son at Southern Methodist University, and shall likewise pay for any increased costs for tuition, room, board and books.
Gerrit paid Kevin's college expenses for the 1987-88 school year. Kevin reached majority (21) on October 25, 1988. Gerrit then refused to make further college expense contributions.
On November 7, 1989, Sandra filed her motion for declaratory relief and/or correction of final judgment, alleging:
(a) That pursuant to Miss.R.Civ.P. 57, the court should declare that Gerrit is liable for all costs associated with Kevin's undergraduate education; and
(b) To the extent the court's final judgment can be interpreted as limiting Gerrit's educational expense obligations to Kevin to the year 1987-88 the language in the final judgment is error as a result of a clerical mistake and inadvertence of counsel, and pursuant to Miss.R.Civ.P. 60(a) and (b) the judgment should be corrected to state clearly that Gerrit's obligation to pay Kevin's undergraduate educational expenses will continue until Kevin obtains his undergraduate degree.
Sandra further alleged that because Gerrit refused to pay Kevin's college expenses, she was forced to do so and thereby she became subrogated to Kevin's rights against Gerrit.[1]
Gerrit responded to the motion and denied there was error in the final judgment, or as to his liability for further expenses of Kevin's college education.
A hearing was conducted by the Chancellor on February 1, 1990. Sandra offered evidence from the original divorce trial of cross examination testimony of Gerrit to the effect that he intended to keep sending Kevin to college if he was financially able. She further offered evidence of the proposed judgment submitted to the court by *881 Gerrit's attorney. The court sustained objections to admission of the testimony.
Gerrit maintained that he was not legally obligated to pay Kevin's college expenses post-majority. Gerrit's uncontroverted testimony showed that his relationship with his son was estranged, and that his son had done "very little if anything" to carry on a father-son relationship. He had not seen his son for more than a year and one-half. Gerrit further related that his company had a scholarship trust fund for their employees which provided funds for part of the college education expenses of their children upon receipt of an invoice from the school and a list of the student's grades. Gerrit's testimony revealed that Kevin, although requested, made no substantial attempt to qualify for these funds until shortly prior to the hearing, and that Kevin was, at that time, receiving funds from the trust.
Upon conclusion of the hearing, the court found that it was not the intent of the trial chancellor to limit Gerrit's obligation for college education expenses for Kevin to the particular years stated in the decree, and therefore, Sandra was entitled to relief on her motion for declaratory relief and/or correction of final judgment. The court granted Sandra judgment against Gerrit in the amount of $17,514.63, being the amount both parties stipulated were incurred as college expenses for Kevin post-majority and prior to his graduation from Southern Methodist University.
On motion for reconsideration of the judgment, the court denied the motion and rendered an opinion which states, in part:
The real issue before the Court is the same one that was before the Court on the hearing, and that is whether or not the Court has ordered a party to provide for the college education of a child of the parties and this is incorporated in the Court's judgment at the time the divorce is granted whether that right becomes vested in the child and is enforceable even though the child may reach his majority or otherwise become emancipated prior to the fulfillment of the enjoyment of the benefit awarded to the child. The Court feels from the arguments and the authorities submitted that there is a very clear line of distinction in that if the benefit is awarded as child support, that right terminates when the child becomes emancipated or becomes 21; but if it is awarded as an adjustment of the rights between the parties to the divorce as to who shall share or pay what portion of the expense of a college education, then the right vests and does not terminate although the child does not enjoy that benefit until he may have passed the age of 21.
Gerrit appeals and argues:
(1) The Chancery Court improperly applied Miss.R.Civ.P. 57, 60(a) and (b) to the judgment originally entered; and
(2) The Chancery Court erred in ordering Gerrit to pay for college expenses of his son post-majority.
Sandra cross-appeals contending the Chancery Court erred in rejecting evidence of Gerrit's testimony during the original divorce trial which constituted an agreement by Gerrit to pay post-majority colleges expenses of Kevin.

DISCUSSION
Careful study of the Chancellor's opinion and brief of Sandra reveals that some confusion still exists among bench and bar relative to parental obligations toward their adult children. For this reason, this Court again visits rules articulated in prior cases and adopted from treatises addressing the question.
In Nichols v. Tedder, 547 So.2d 766, 768 (Miss. 1989), followed in Duncan v. Duncan, 556 So.2d 346, 347-48 (Miss. 1990), we considered the issue of termination of child support for the sole reason that the child reached the age of twenty-one (21) before completing her last year of college. This Court held that the age of majority is twenty-one (21), and that:
... our courts have no authority under [Miss. Code Ann.] §§ 93-5-23 and/or 93-11-65 to require parents to provide for the care and maintenance of their child after the child becomes emancipated, by reaching the age of twenty-one (21), or otherwise, whichever occurs first. Of course, nothing we have said should be interpreted as foreclosing the enforceability of agreements by the parties providing *882 for the post-emancipation care and maintenance of their children, whether those agreements are separate contracts, or have been incorporated into the divorce decree.
547 So.2d at 768.
Under Nichols, the trial court in this case had no authority to order child support in any form, whether regular, college expenses, or otherwise, to continue in effect post-majority. This is beyond the Nichols established clear line of demarcation.[2]
The challenge by Sandra on cross-appeal to the chancellor's action in sustaining objections to the introduction of Gerrit's cross-examination testimony from the original divorce action cannot be sustained. None of the offered evidence constitutes an agreement or contract between the parties for the post-majority support of Kevin.
This Court, therefore, reverses and renders this appeal by vacating the judgment in the amount of $17,514.63 granted to Sandra Vaughey Maris.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] The motion alleged that Kevin had assigned his rights in this matter to Sandra and attached an assignment executed by Kevin assigning to Sandra all his rights "for the purpose of obtaining payment from Gerrit Maris of my undergraduate expenses" under the final judgment of divorce.
[2] Nothing in this opinion should be taken or construed as speaking to the issue of whether a parent has a legal duty to support his/her adult incapacitated child.