IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-01462-SCT

*REED RICKMAN MOTTLEY*

*v.*

*REBECCA COCHRAN MOTTLEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/97 |
| TRIAL JUDGE: | HON. JAMES H. C. THOMAS, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | KIM T. CHAZE |
| ATTORNEY FOR APPELLEE: | ERIK M. LOWREY |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 1/28/99 |
| MOTION FOR REHEARING FILED: | 2/10/99 |
| MANDATE ISSUED: | 4/15/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1. This case deals with the interpretation of a property settlement and child custody agreement. Dr. Reed Rickman Mottley claims that he is not responsible for payment of half of his son's educational expenses since his son has attained the age of 21. On October 8, 1997, the Forrest County Chancery Court found Dr. Mottley in contempt and awarded Ms. Rebecca Mottley, his former spouse, $3,555.06 in educational expenses for Brent Douglas Mottley and $1000 in attorney's fees. Dr. Mottley appeals from this judgment and assigns the following as error:

> **WHETHER DR. MOTTLEY SHOULD HAVE BEEN ORDERED TO PAY THE COLLEGE EXPENSES OF HIS TWENTY-FOUR YEAR OLD CHILD.**

**DISCUSSION**

¶2. Dr. Motley asserts he should not be obligated to pay half his son's college expenses since his son has attained the age of 21. Brent Douglas Mottley is now 24. Ms. Mottley submits that Dr. Mottley is responsible for half of Brent's education expenses due to their property settlement agreement dated August

28, 1985. The property settlement agreement states in pertinent part:

> SEVENTH: Dr. Reed Rickman Mottley agrees that he will pay all educational expenses of Emily Renee Mottley and McCabe Toler Mottley and one-half of all educational expenses for Brent Douglas Mottley, subject to Paragraph Eleventh hereof. The parties acknowledge that if Dr. Reed Rickman Mottley remains employed at the University of Southern Mississippi, most of the tuition costs for the children would be automatically paid; but the parties agree that they shall not induce their children to attend the University of Southern Mississippi, but will each encourage their children to seek higher education in an appropriate institution best suited to their life goals.

¶3. Paragraph eleven simply states the parties will decide whether Brent should continue in private school. The main point of contention is the absence of specific language in the agreement as to post-emancipation payments. Dr. Mottley argues this agreement must be read in accord with our case law to limit his payments to the period prior to each of the children reaching age 21. Ms. Mottley asserts Dr. Mottley agreed to support the children throughout their college tenure. She suggests that if Dr. Mottley wants to change the terms, he should seek a modification.

¶4. We have previously upheld a chancellor's decision requiring the father to continue to pay for his child's education past the child's twenty-first birthday. *See **Hoar v. Hoar***, 404 So. 2d 1032 (Miss. 1981); ***Crow v. Crow***, 622 So. 2d 1227 (Miss. 1993). In ***Hoar***, the chancellor found a provision in the settlement agreement was ambiguous and questioned the parties to clear up any ambiguity. ***Id.*** at 1035. We affirmed the chancellor's interpretation of the agreement. ***Id.*** The property settlement agreement in ***Hoar*** contained the following language:

> (f) As to either son, Husband's obligations for support and college assistance shall terminate upon the earliest of any of the following events:
>
> 1. Death of the child;
>
> 2. Marriage of the child;
>
> 3. Completion of High School or the attainment of the age 18 with the permanent intent not to complete college;
>
> 4. Suspension of college education for any reason other than illness for more than a three-month period (the normal summer period being between regular semesters);
>
> 5. Completion of college or the normal four-year undergraduate course;
>
> 6. Four years past High School graduation.

*Id.* at 1034-35. It is clear from the language in ***Hoar*** that there was an agreement to provide for the child post-emancipation.

¶5. The instant case is not so clear. The property settlement agreement simply states that Dr. Mottley will pay one-half of the educational expenses of Brent Douglass Mottley and then discusses possible places where the children might attend college. The general rule has been that the court cannot order parents to support their children past the age of twenty-one. ***Nichols v. Tedder***, 547 So.2d 766, 770 (Miss. 1989).

However, this holding was qualified by the following: "Of course, nothing we have said should be interpreted as foreclosing the enforceability of agreements by the parties providing for the post-emancipation care and maintenance of their children, whether those agreements are separate contracts, or have been incorporated into the divorce decree." *Id.*

¶6. Dr. Mottley cites the *Nichols* decision for authority that the parties must specifically contract to provide support for children past the age of twenty-one. Ms. Mottley notes that in *Hoar* we upheld the chancellor's decision where there was ambiguous language.

¶7. *Crow v. Crow*, cited above is analogous to this case. In *Crow,* the father was found in arrears by the Chancery Court of Alcorn County when he refused to pay college expenses for his daughter who had recently reached the age of 21. *Crow,* 622 So. 2d 1227. The father entered into a "Stipulation and Agreement" specifically contracting to pay the following particular support: ". . . all of the reasonable expenses of Tina's college education as well as Karen's college education at such time as she entered college. . . . " *Id.* at 1230. This support agreement, like the Mottley agreement, was incorporated into the divorce decree. *Id.* In *Crow,* we held the father had contracted to pay post-emancipation support and was bound by his contract.

¶8. We must dispose of Dr. Mottley's appeal in the same way. He has agreed to pay certain sums in the "Property Settlement and Child Custody Agreement" he entered with Ms. Mottley. Therefore, the contempt order of the Forrest County Chancery Court must be affirmed.

¶9. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., SMITH AND WALLER, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE AND ROBERTS, JJ. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J. SULLIVAN, P.J., NOT PARTICIPATING.**


**BANKS, JUSTICE, DISSENTING:**


¶10. Because I do not agree with the majority's interpretation of the property settlement agreement, I respectfully dissent.

¶11. In my view, the language of the agreed decree in this case differs from that in *Hoar v. Hoar*, 404 So. 2d 1032 (Miss. 1981), and *Crow v. Crow*, 622 So. 2d 1226 (Miss. 1993). Nor is the language amenable to the interpretation that Dr. Mottley agreed to pay higher education expenses after Brent reached the age of majority.

**McRAE AND ROBERTS, JJ., JOIN THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶12. Neither *Crow v. Crow*, 622 So. 2d 1226 (Miss. 1993) nor *Hoar v. Hoar*, 404 So. 2d 1032(Miss.

1981) control in this case and thus, the majority has misconstrued the Mottleys' property settlement agreement. Today's majority opinion appears to adopt the same fallacy apparent in *Crow*, where this Court found that the father was bound by his "contract" to provide college expenses beyond the age of twenty-one for his daughters when he agreed in the separation agreement, which was made part of the final judgment of divorce, to pay "to the Wife . . . the sum of $600.00 per month for the support of Tina and Karen and all reasonable college expenses." In that case, I stated:

> That agreement was incorporated into the final judgment of divorce. It is neither a contract nor a settlement, but a judgment. As we stated in *Brown v. Brown,* 566 So. 2d 718 (Miss.1990), a judgment for child support included within a divorce decree "is not a settlement of property rights, which is immutable, fixed and not subject to change, but a decretal provision based upon the reasonable needs of a child coupled with the ability of a parent to pay." *Id.* at 721; *Carpenter v. Carpenter*, 519 So. 2d 891, 894 (Miss. 1988). Whether the terms of the child support provisions are ordered by the court or agreed to by the parties and ratified by the court, they are governed by the same rules. *Tedford v. Dempsey*, 437 So. 2d 410, 417 (Miss. 1983). As equity demands, the child support provisions agreed to by the parties, are, therefore, subject to modification upon a showing of a material change in circumstances not contemplated at the time of the divorce decree.

> A chancellor, however, "has no authority to order child support in any form, whether regular, college expenses, or otherwise, to continue in effect post- majority." *Stokes v. Maris*, 596 So. 2d 879, 882 (Miss. 1992)(emphasis added); *Nichols v. Tedder*, 547 So. 2d 766, 768 (Miss. 1989). While an agreement between the parties to provide post-emancipation support may be enforceable as between the parties, *Nichols* and its progeny have drawn a clear line of demarcation regarding the enforceability of a child support judgment by a chancellor once the child has reached the age of twenty-one. 547 So. 2d at 768.

> To perceive as a contract an agreement for child support which has been ratified and made part of a divorce judgment is contrary to our established body of family law. It invites application of the strict canons of contract interpretation, as opposed to the more flexible principles of child support modification, which equitably balance the reasonable needs of the children with the parents' ability to provide for them.

*Crow,* 622 So. 2d at 1232. In this case, as in *Crew,* the agreement to provide for "all the educational expenses of Emily Renee Mottley and McCabe Toler Mottley and one-half of all educational expenses for Brent Douglas Mottley" was part of the Property Settlement and Child Custody Agreement incorporated into the Divorce Decree.

¶13. Parties are bound by the law in existence at the time a support agreement is entered. Further, it is clear from the provisions of the agreement and judgment governing the children's support in this case that the father's legal obligations terminated as each child reached the age of twenty-one. We cannot impose a higher legal duty upon divorced parents than we do upon those who remain married. To so find does not impinge upon the father's right to provide further for his son's education out of love, parental concern, or the mutual respect of parent and child; rather it frees each from the burdens of a duty imposed by law. Accordingly, I disagree with the majority opinion.

**ROBERTS, J., JOINS THIS OPINION.**