767 So.2d 1069 (2000)
Rene HARMON, Appellant,
v.
Bobby YARBROUGH, Appellee.
No. 1999-CA-01595-COA.
Court of Appeals of Mississippi.
September 26, 2000.
*1070 Dewitt T. Hicks, Jr., Columbus, Attorney for Appellant.
Timothy C. Hudson, Columbus, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Rene Harmon appeals the judgment of the Lowndes County Chancery Court denying her motion for citation of contempt and modifying the child support obligations of Bobby Yarbrough. Finding that the chancellor erred in his ruling, we reverse and remand for further proceedings.

FACTS
¶ 2. Rene Harmon and Bobby Yarbrough were divorced on April 18, 1984, when their daughter Amber was three-years old. A separation agreement contained the provision that Amber's father would "provide for said child's higher education." The agreement was then approved by the court.
¶ 3. At the time of court proceedings conducted in 1999, Amber was enrolled at Northeast Mississippi Community College. Amber's tuition and living expenses for the entire school year, after calculation of scholarships and grants, were estimated to be $2,812.50. Harmon and Amber requested that Yarbrough pay this amount in accord with the 1984 divorce decree. Because of either his inability or his refusal to pay, Yarbrough did not pay the full amount requested.
¶ 4. Harmon filed a motion for citation of contempt in the Lowndes County Chancery Court. Following a hearing, the chancellor denied the motion and also amended the earlier decree.

DISCUSSION
¶ 5. Rene Harmon appeals the decision of the chancellor to deny her motion for citation of contempt, asserting that the chancellor's decision was manifestly erroneous. The supreme court has stated that "contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstances and both temporal and visual proximity, is infinitely more competent to decide the matter than we are." Morreale v. Morreale, 646 So.2d 1264, 1267 (Miss.1994). Therefore, this Court will not reverse a chancellor's finding where it is supported by substantial credible evidence. Shipley v. Ferguson, 638 So.2d 1295, 1297 (Miss.1994).
¶ 6. The 1984 divorce decree stated that "the father, Bobby David Yarbrough, shall provide for [Amber's] higher education." Since Amber was only three *1071 years old at the time of the 1984 order, one of the obvious questions is whether this was a valid order. The supreme court has found it improper to impose an obligation to pay college expenses on a parent in a divorce proceeding until the following showing is made:
The duty of a father to send a child to college, under the circumstances of this case, is not absolute. It is dependent, not only on the child's aptitude and qualifications for college, but on whether the child's behavior toward, and relationship with the father, makes the child worthy of the additional effort and financial burden that will be placed on him. Sending children to college is expensive and can cause much sacrifice on the part of parents. It cannot ordinarily be demanded, but must be earned by children through respect for their parents, love, affection and appreciation of parental efforts, none of which are present in this instance.
Hambrick v. Prestwood, 382 So.2d 474, 477 (Miss.1980). Since the duty is dependent upon several factors, including the child's suitability for college and his or her relationship with the supporting parent at the time of the expenditures, it would normally be improper to impose that obligation when the child is only three years old.
¶ 7. That does not end the issue, however. The next question is whether Mr. Yarbrough may now have cancelled a support obligation created in 1984 to which he did not object in court until 1999. Indeed, the 1984 divorce was based on irreconcilable differences and the support obligation was created by a separation agreement drafted and executed by the parties. Mr. Yarbrough's 1984 agreement to the future obligation is sufficient to make it enforceable. See Nichols v. Tedder, 547 So.2d 766, 770 (Miss.1989).
¶ 8. The trial court approached the issue differently. The chancellor held that the 1984 order to pay college expenses when then-preschool Amber finally became of college age was "not a proper subject for a Court order on child support in 1984." For the reason just stated, that was error. The financial duty may well have been beyond the chancellor's authority to impose in 1984, but it was not beyond the father's ability to accept.
¶ 9. The chancellor not only found the 1984 provision inappropriate, he also held that the agreement was "too indefinite for specific performance, fails to evidence a meeting of the minds on necessary items" and is unconscionable because of Mr. Yarbrough's present financial circumstances. The 1984 separation agreement containing the provision about college expenses was ratified in the decree of divorce. Thus the agreement is both a contract and part of a court decree. Returning to court for enforcement under Rule 81 is the proper procedure and a suit for specific performance of a contract is unnecessary. M.R.C.P. 81(d)(2).
¶ 10. We agree with the chancellor that exactly what it means to "provide for said child's higher education" can be the subject of dispute. Ms. Harmon attempted to present a prima facie case for contempt by listing the amounts and purposes of various expenses that Amber had incurred. Mr. Yarbrough made a legally relevant argument that some of the expenses were not for college. Since the chancellor rejected that the obligation existed at all, no focused examination of the specific expenses was made. Whether the agreement was too ambiguous needs to be examined next.
¶ 11. One case enforced a provision that said nothing more of relevance for our purposes than that the father "agrees that he will pay all educational expenses of [two of his children] and one-half of all educational expenses for" the final child. Mottley v. Mottley, 729 So.2d 1289, 1289-90 (Miss.1999). In a different case, the Supreme Court held that a chancellor when faced with an indefinite provision for providing support during college could add terms such as "time and scholastic performance *1072 standards and limitations." Rogers v. Rogers, 662 So.2d 1111, 1115 (Miss. 1995).
¶ 12. This Court relied upon similar Supreme Court precedents when faced with almost the exact issue that is raised on this appeal. A father had entered an agreement to "pay all educational expenses of the minor child including the expenses incurred by the minor child in obtaining such appropriate college and professional degrees as the child may choose, even after the child shall reach the age of majority." Meek v. Warren, 726 So.2d 1292, 1293 (Miss.App.1998). That opinion enforced the provision, stated that an overly strict interpretation of "college expenses" must be avoided, and required that some direct educational link with the expenses be shown. Id.
¶ 13. Since the term in this agreement is somewhat ambiguous, there is not necessarily any error in the trial court's failure to hold Mr. Yarbrough in contempt because of the dispute that arose between Amber's parents on the payments that needed to be made. Rogers, 662 So.2d at 1115 (civil contempt should not usually be found for failure to comply "with indefinite or incomplete terms.") Contempt occurs only if the failure to comply amounts to a deliberate violation of a decree. Caldwell v. Caldwell, 579 So.2d 543, 546 (Miss.1991).
¶ 14. Mr. Yarbrough agreed to pay his daughter's higher education expenses in 1984. He is bound by that agreement. We remand this cause so that the chancellor may consider the petition for contempt now that we have held the provision is valid. Whether it should be modified for future college expenses because of present inability to pay or whether some of the past expenses are not properly the subject of this obligation are matters that the chancellor should evaluate. Once such decisions are made, the issue of contempt can also be readdressed.
¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT DISMISSING THE MOTION FOR CITATION OF CONTEMPT AND MODIFYING THE DIVORCE DECREE IS REVERSED AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEE.
KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.
McMILLIN, C.J., NOT PARTICIPATING.