# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00206-SCT

*HOLLY KATHLEEN JENKINS MCKNIGHT*

*v.*

*WALTER CALVIN JENKINS*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/2008 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JERRY WESLEY HISAW |
| | JAMES R. FRANKS, JR. |
| | WILLIAM R. WHEELER, JR. |
| ATTORNEYS FOR APPELLEE: | JOY W. GRAVES |
| | MALENDA HARRIS MEACHAM |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED IN PART; VACATED IN PART; REVERSED IN PART AND REMANDED - 02/14/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Holly McKnight and Walter Jenkins were married from April 24, 1972, until June 3, 2004. The parties have one daughter who was born on April 26, 1996. After the parties divorced in 2004, they initially shared joint legal custody of their child, with Holly having

physical custody. After four years, Walter filed a Petition for Contempt, Modification of Custody and Temporary Visitation. Following a hearing on September 23, 2008, custody was modified to give legal and physical custody to Walter, with Holly having regular visitation. The modified custody order, which was entered on October 16, 2008, is the controlling custody order. Two months after custody was modified, Walter filed a new Petition for Contempt, Modification of Visitation and Temporary Relief in which he accused Holly of not returning all of their child's belongings and sought to make Holly's visitation limited and supervised. As a result, the parties entered into an Agreed Preliminary Injunction, which indefinitely suspended Holly's visitation. A year after the agreed injunction was entered suspending Holly's visitation, Holly moved to change physical and legal custody back to her, with Walter having visitation. A hearing was conducted on August 27, 2010, on Walter's contempt petition and on Holly's petition to modify custody. Prior to the hearing, Walter had moved to amend his contempt petition to allege Holly had violated the custody order by failing to pay her half of their child's "medical bills." His motion to amend was not heard or granted before the August 2010 hearing. After the hearing, the chancellor denied Holly's petition for modification of custody and child support, held her in contempt, and required her to pay Walter more than $21,000 and the guardian ad litem almost $5,000. The judgment awarded to Walter included $1,200 for one-half of Dr. Rosenberg's September 23, 2008, court-appearance fee and $2,500 for Walter's attorney's fees incurred in bringing the related contempt action.

¶2.     Holly appealed, alleging the chancellor erred by: 1) not modifying custody, 2) finding her in contempt, 3) not finding Walter in contempt, 4) not awarding her attorneys' fees and

2

assessing her some of Walter's attorneys' fees and the guardian ad litem's fees, 5) excluding evidence preceding the October 2008 custody order, and 6) restricting certain witnesses' testimony. The Court of Appeals affirmed the chancellor on all issues.[1] This Court granted Holly's petition for certiorari.

**Analysis**

¶3. After review, we affirm the Court of Appeals and the trial court on all issues except the contempt judgment against Holly and the related attorney's fees award. Holly was held in contempt for violating a custody order provision that required her to pay for one half of her child's "reasonable and necessary medical expenses." Notably, Walter never filed a contempt petition accusing Holly of such a violation. He did move to amend his December 29, 2008, motion for contempt to allege generically that Holly wrongfully had refused to pay her share of their child's medical bills, but his motion was not heard before the August 27, 2010, hearing, and his Petition for Contempt was never amended.

¶4. At the August 2010 hearing, Walter alleged that Holly had failed to pay her share of three medical bills: a dentist bill, an eye-care bill, and Dr. Rosenberger's court-appearance fee for the September 2008 hearing. The chancellor found that Holly was not in contempt for failing to pay her half of the first two bills because there was no evidence that Walter had informed her of the bills. However, the chancellor did find Holly in contempt for failing to pay $1,200 toward Dr. Rosenberger's court-appearance fee.

---

[1] ***McKnight v. Jenkins***, 2012 WL 798649 (Miss. Ct. App. March 13, 2012).

¶5.    The Court of Appeals affirmed the chancellor based on Holly's admitted refusal to pay the bill but failed to consider: 1) whether Walter was procedurally barred from recovering on a claim he did not plead and 2) whether Holly's refusal to pay the bill constituted a willful and deliberate violation of a court order.  An analysis of either question would have led the Court of Appeals to reach a different result.

### 1.    Whether Walter was procedurally barred from recovering on a contempt claim he did not plead.

¶6.    To recover on a contempt claim, a party must first plead it in a complaint or petition.[2] Walter admittedly did not plead a contempt claim based on Holly's refusal to pay Dr. Rosenberg's bill, and his counsel told the chancellor that she was not trying to hold Holly in contempt for her refusal, stating: "Let me ask you [Holly] about medical bills, and while it's not – I'm not asking that you be held in contempt of it because that wasn't pled for, but there are outstanding medical bills that you've not paid."  The chancellor also acknowledged that Walter's failure to plead a contempt claim based on Holly's alleged nonpayment of medical bills precluded him from recovering on such a claim, stating "the award of any [medical bills], if they're not specifically pled at this time as that would be a contempt which requires specific pleading, would not be granted by the Court."  But then the chancellor acted to the contrary by holding Holly in contempt for failing to pay Dr. Rosenberg's bill and awarding Walter $3,700 ($1,200 for Dr. Rosenberg's court-appearance fee and $2,500 for attorney's fees Walter incurred bringing the contempt action).  Since Walter failed to plead the

---

[2]Miss. R. Civ. P. 81(d)(3) (stating a contempt claim is to be raised by complaint or petition rather than by motion).

contempt claim which serves as the basis for the judgment, the contempt judgment against Holly must be reversed and vacated.

### 2. Whether Holly's refusal to pay the bill was contemptuous.

¶7. However, even if Walter was not procedurally barred from recovering on the unpleaded claim, Holly should not have been held in contempt. To be found in contempt, a party has to willfully and deliberately violate a court order.[3] A party does not willfully and deliberately violate an order if the order is unclear or if the party commits a violation based on a genuine misinterpretation of the order.[4] Moreover, a party's reliance on its counsel's advice is sufficient to make a party's violation not willful or deliberate.[5]

¶8. Here, the chancellor held Holly had violated the custody order that required her to pay one-half of her child's "reasonable and necessary medical expenses" by refusing to pay her child's doctor's court-appearance fee. Holly's uncontradicted testimony was that she did not pay the bill because she believed it to be a litigation expense incurred by Walter, not a medical expense of their child, since she did not arrange for or agree to Dr. Rosenberg's court appearance. And this belief was formed, at least in part, based on the advice of her attorney. As a result, Holly's alleged violation of the custody order was not willful and deliberate, and the contempt judgment against her should be reversed.[6] Moreover, the fee

---

[3]*R.K. v. J.K.*, 946 So. 2d 764, 778 (Miss. 2007).

[4]*Cossitt v. Cossitt*, 975 So. 2d 274, 279 (Miss. Ct. App. 2008).

[5]*R.K.*, 946 So. 2d at 778.

[6]*See* **Hunt v. Asanov**, 975 So. 2d 899 (Miss. Ct. App. 2008) (holding a father was not in contempt for failing to pay the required amount of child support when there was confusion between the parties as to which of two child support orders governed the father's obligation);

charged by Dr. Rosenberg to testify is more akin to a litigation expense than a medical expense of the child's and should not be assessed to Holly under the medical-expense provision of the custody order.

**Conclusion**

¶9.     We affirm the decision of the Court of Appeals in part and reverse in part. We affirm the chancellor's decision to deny Holly's petition for custody and child- support modification and find that it was within his discretion to require her to pay the guardian ad litem's fees. However, the chancellor erred when he held Holly in contempt for her failure to pay Dr. Rosenberg's court-appearance fee and ordered her to pay a $3,700 judgment ($1,200 for the fee and $2,500 for Walter's attorney's fees). Therefore, the contempt judgment against Holly is vacated. The award in favor of Walter is reversed, and this case is remanded to the trial court for entry of an order reducing the amount awarded to Walter by $3,700. The remainder of the chancery court's judgment is affirmed.

¶10.    **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED IN PART; VACATED IN PART; REVERSED IN PART AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

---

*Harmon v. Yarbrough*, 767 So. 2d 1069 (Miss. Ct. App. 2000) (holding a father was not in contempt for failing to pay the full cost of his daughter's college education when there was a genuine dispute between the parties as to the meaning of "college expenses" in the governing divorce decree).