# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01316-COA

**DANIEL REESE WISE, JR.**                                      APPELLANT

**v.**

**ELIZABETH ANN BROOME**                                       APPELLEE

DATE OF JUDGMENT:              08/14/2017
TRIAL JUDGE:                   HON. RHEA HUDSON SHELDON
COURT FROM WHICH APPEALED:     FORREST COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        PHILLIP LLOYD LONDEREE
ATTORNEY FOR APPELLEE:         PAMELA LUCKIE CASTLE
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   APPEAL DISMISSED - 01/25/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     Daniel Wise Jr. and Elizabeth Broome-Gillentine are the parents of Savannah, who was born in August 1998. By court order on February 3, 2000, Elizabeth was given sole physical custody of Savannah. In 2016, Daniel filed a petition in the Forrest County Chancery Court to modify the prior order and obtain custody of Savannah. The court denied the petition on August 14, 2017. Daniel filed a motion to reconsider on August 24, 2017, and after the chancery court denied it in 2020, he appealed. Finding Daniel's issues to be moot, we dismiss his appeal.

### Statement of Facts and Procedural History

¶2.     On February 3, 2000, the Forest County Chancery Court entered an agreed judgment

of paternity, temporary support, and visitation, making Elizabeth the sole custodian of Savannah. The court also ordered Daniel to reimburse Elizabeth for one-half of the premiums of medical and dental insurance for Savannah and one-half of any medical, dental, optical, psychological, drug, or any other medical-related expenses not paid by insurance.

¶3. In July 2016, when Savannah was seventeen years old, Daniel filed a petition for a modification of the order regarding Savannah's custody.[1] Elizabeth filed a petition for a citation of contempt on September 23, 2016, claiming Daniel had failed to pay child support in August and September of 2016. Daniel filed a counter-petition for a citation of contempt on September 26, 2016, stating that Elizabeth did not provide him with Savannah's birth certificate.

¶4. The chancery court entered an agreed temporary order on October 3, 2016, nunc pro tunc to July 25, 2016. In it, Daniel and Elizabeth temporarily agreed to the following until the trial on the petitions: (1) Daniel would have sole physical custody of Savannah until further order of the court; (2) Elizabeth would have the same visitation that Daniel previously enjoyed; (3) Daniel's child support obligation would be suspended until further order of the court; (4) Elizabeth would provide Daniel with Savannah's birth certificate within one week of July 25, 2016; (5) the parties would provide each other with all necessary information for insurance purposes; (6) the parties would provide their Rule 8.05 financial statements, *see* UCCR 8.05; and (7) all other requests would be held in abeyance until further proceedings. The court also issued a child support order, which required Elizabeth to pay Daniel $250 per

---

[1] Daniel later amended his petition twice.

month, beginning November 1, 2016. Prior to the temporary order, Savannah had begun staying with Daniel on July 25, 2016, and remained in his custody until the chancery court entered its final order in August 2017.

¶5.    On March 7, 2017, the chancery court tried Daniel's petition for modification of child custody.[2]  At the beginning of the hearing, the court granted Elizabeth's motion to bifurcate the proceedings and allowed the parties to present testimony only as to any material change in circumstances.  Then, if necessary, the court would hear further testimony on the *Albright*[3] factors.

¶6.    At trial, Elizabeth testified that Savannah had been swayed not to visit her since staying with Daniel.  Elizabeth stated that she had not had any contact with Savannah except on Thanksgiving Day and Christmas Day.  Elizabeth also testified that she and Daniel discussed not having a set visitation schedule because Savannah was then eighteen years old.  Further, Elizabeth stated that Savannah or Daniel could have easily acquired a copy of Savannah's birth certificate on their own.  Daniel testified that Elizabeth failed to provide him with Savannah's birth certificate as the court had ordered.

¶7.    Savannah, who was then eighteen years old, testified that she wanted the court to transfer custody because of a material change of circumstances in her mother's home.  Specifically, Savannah said that since the eighth grade, she had questioned her mother's religious practices.  She felt that her mother began using religion to control her and that her

---

[2] His child support obligation at the time was $750 per month.

[3] *Albright v. Albright*, 437 So. 2d 1003 (Miss. 1983).

mother had become extraordinarily hostile. Additionally, Savannah testified that her mother refused to help her with her Federal Application for Student Aid (FAFSA) information for college because her mother wanted Savannah to stay close to home to take care of her siblings and to help maintain the bowling lanes and properties that her mother owned. No other testimony was given.

¶8. Elizabeth moved to dismiss Daniel's modification petition pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure.[4] The chancery court granted Elizabeth's motion and effectively denied Daniel's petition, finding that Daniel had failed to present any evidence that there had been a material change in Elizabeth's living conditions or that there had been an adverse effect on Savannah. The chancery court then stated that an *Albright* analysis was not necessary. The chancery court entered the order dismissing Daniel's petition on August 14, 2017, and Savannah returned to Elizabeth's custody.

¶9. Daniel filed a motion for reconsideration on August 24, 2017. In his motion, Daniel alleged that the court had failed to address or apply standards governing Rule 41(b) motions, failed to consider the testimony before the court, failed to make specific findings, and not determined what was in the best interest of the child. Daniel cited Savannah's testimony, which according to Daniel gave both specific and general proof of a material change. He stated that Savannah's testimony showed a complete breakdown of the mother-daughter

---

[4] The rule addresses involuntary dismissals: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." M.R.C.P. 41(b).

4

relationship because of Elizabeth's adverse actions; therefore, he maintained that the court should have performed an *Albright* analysis. Daniel requested that the court amend, reverse, or vacate its August 14, 2017 order or alternatively convene a new trial.

¶10. On November 16, 2017, the chancery court held a hearing on Daniel's motion to reconsider, Daniel's counter-petition for contempt, and Elizabeth's petition for contempt when Savannah was nineteen years old. After the hearing, the chancery court did not rule from the bench and allowed the parties to brief various issues further. According to the docket, however, neither party submitted briefs, nor did they file any additional pleadings in the case. Fifteen months later, on February 21, 2019, the chancery clerk filed a motion to dismiss the case for lack of prosecution, and the matter was dismissed on April 5, 2019.

¶11. Elizabeth filed a new petition for a citation for contempt and modification on August 20, 2019. According to Elizabeth, Daniel was in arrears for child support in the amount of $26,750. Elizabeth attached a copy of her support collections through June 14, 2019. She also provided receipts for therapeutic care for Savannah that she claimed Daniel had failed to pay. (This issue is not before this Court on appeal.) Additionally, Elizabeth claimed Daniel had told Savannah that he had an educational trust fund for her benefit in the amount of $20,000, but he refused to pay her college expense.[5] Elizabeth attached a Mississippi Gulf Coast Community College bill in the amount of $1,893 for a summer semester, which she requested that the court order Daniel to pay from the educational trust fund. By this time, Savannah was twenty-one years old.

---

[5] There is no court order in the record that required Daniel to pay post-high-school expenses for Savannah.

¶12. Daniel answered the petition on October 25, 2019, and argued that Elizabeth's pleading should be dismissed for failure to state a claim, citing Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. Daniel also urged the court to rule on his previous requests for relief, including his petition for contempt (filed on July 11, 2017) and motion to reconsider (filed on August 24, 2017). In his answer, Daniel requested (1) an award to him such as special or general relief; (2) reimbursement of any child support owed to him; (3) sanctions; (4) attorney's fees; and (5) any other relief to which Daniel may be entitled at law or in equity.

¶13. The chancery court vacated the April 5, 2019 dismissal order on November 9, 2020, and entered an order on November 16, 2020, denying Daniel's motion for reconsideration, which resulted in Elizabeth's maintaining custody of Savannah. The court noted that Elizabeth had withdrawn her September 23, 2016 contempt petition prior to the November 16, 2017 hearing. Further, the court granted Daniel's counter-petition for a citation of contempt dated September 26, 2016, because Elizabeth had not provided him with Savannah's birth certificate. Finally, the court granted Daniel's July 11, 2017 contempt petition because Elizabeth had failed to pay child support. Elizabeth was ordered to pay $250 per month in child support when Savannah was temporarily staying with Daniel, but she had paid only a lump sum of $1,000. Because Elizabeth had not made any other payments, she was in arrears of $2,250. However, after the court entered its judgment dismissing Daniel's petition for modification on August 14, 2017, Elizabeth gained sole physical custody of Savannah again. Thus, Daniel was supposed to start making his $750 monthly child support

payments but had not. At the November 16, 2017 hearing, he was in arrears of $2,250 for the three months that he had not paid. Because Elizabeth and Daniel both owed each other $2,250, neither party was required to pay the other. The court also denied both parties' requests for attorney's fees.

¶14. Daniel appealed on November 30, 2020, raising the following issues: (1) whether the chancellor erred in finding that he offered no evidence at the March 2017 trial that demonstrated a material change in circumstances adverse to Savannah; (2) whether the chancery court erred in granting Elizabeth's motion to dismiss; and (3) whether the chancery court erred in failing to perform an *Albright* analysis regarding custody.

## Standard of Review

¶15. "Cases in which an actual controversy existed at trial[,] but the controversy has expired at the time of review, become moot." *Wilson v. Mallett*, 50 So. 3d 366, 368 (¶6) (Miss. Ct. App. 2010) (quoting *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006)). "We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and . . . we have no power to issue advisory opinions." *Id*. "This principle of mootness applies in child custody cases as well." *Id*.

## Discussion

¶16. Pursuant to Mississippi Code Annotated section 93-11-65(8)(a) (Rev. 2021), "[t]he duty of support of a child terminates upon the emancipation of the child . . . when the child: (i) [a]ttains the age of twenty-one (21) years, or (ii) [m]arries, or (iii) [j]oins the military and serves on a full-time basis, or (iv) [i]s convicted of a felony and is sentenced to incarceration

7

of two (2) or more years for committing such felony . . . ." Our Court has held that issues regarding the care and custody of a child becomes moot when a child is emancipated. *Cossey v. Cossey*, 22 So. 3d 353, 357 (¶17) (Miss. Ct. App. 2009).[6]

¶17. Any issues pertaining to Savannah's custody are now moot. Savannah was born in August 1998, making her now a twenty-three-year-old adult. Child custody matters end when the child reaches the age of majority, which in Mississippi is twenty-one years old. The Mississippi Supreme Court has stated:

> [A] child is freed for all the period of his minority from the care, custody, control, and service of his parents (i.e., he is emancipated) upon attaining the age of twenty-one, at which time [the] Mississippi statute provides that his minority terminates. Accordingly, the duty imposed by [Mississippi Code Annotated] section 93-5-23 for a parent to support [a] child does not extend beyond the child's minority, which terminates when the child reaches twenty-one years of age, as provided by our Legislature.

*Hays v. Alexander*, 114 So. 3d 704, 709 (¶12) (Miss. 2013). The issue of Savannah's custody may not have become moot had Daniel pursued his petition for modification in a reasonable time. The court entered its order denying his modification petition in August 2017 and held a hearing on Daniel's motion to reconsider on November 17, 2017. Savannah was nineteen years old at the time. At the hearing, the court allowed both parties to brief various issues, but neither Daniel nor Elizabeth filed any briefings. For over a year, the case stagnated, and the court dismissed it for failure to prosecute on April 5, 2019. Even then, Daniel failed to take action on his claims. Four months later, Elizabeth filed a new petition for a citation of

---

[6] In *Cossey*, this Court held that the issue of visitation in a child custody matter ceased upon the child's twenty-first birthday because the child was emancipated. *Cossey*, 22 So. 3d at 357 (¶17). Thus, any issues regarding visitation were moot because the child had reached the age of majority. *Id.* Similar reasoning applies to issues of custody.

contempt. Only then did Daniel file anything else in the matter, which was an answer to Elizabeth's petition on October 25, 2019. In his answer, Daniel requested the court to review his previously filed motion to reconsider. By the time the chancery court ruled on the motion to reconsider, Savannah was twenty-two years old.

¶18. Additionally, Daniel failed to raise any other issue on appeal to avoid dismissal for mootness. Although the chancery court found that both parties owed each other $2,250, and therefore neither party was required to pay the other, neither Daniel nor Elizabeth challenges this finding or ruling on appeal. Further, although the chancery court did not make a ruling on Elizabeth's issues regarding Savannah's expenses, bills, and education, neither party raised these issues on appeal. No testimony or proof appears in the record that would extend Daniel's obligation to pay for support or that Savannah had a medical condition that would require further custody orders.[7]

¶19. Because the issue of whether there was any material change in circumstances affecting

---

[7] There is no information about Savannah's post-high-school education except for the three classes that Savannah took in the summer of 2019 at the Mississippi Gulf Coast Community College when she was twenty-one years old. There is no court order or agreement in the record that required Daniel to pay for Savannah's post-high-school education. If Daniel had agreed to continue to support Savannah through college, then Daniel would be responsible for paying that support even after she reached the age of majority. *Mottley v. Mottley*, 729 So. 2d 1289, 1290 (¶7) (Miss. 1999); *see also Crow v. Crow*, 622 So. 2d 1226, 1227 (Miss. 1993). "[A]greements to pay all reasonable college expenses and all educational expenses of the children were interpreted as agreements for post-majority support." Deborah H. Bell, *Bell on Mississippi Family Law* § 13.07, at 522 (3d ed. 2020) (citing *Mottley*, 729 So. 2d at 1290 (¶7); *Crow*, 622 So. 2d at 1227)). But there is no such agreement in the record of this case. Thus, the chancellor does not have the authority to order child support in any form, including college expenses, once a child reaches the age of the majority, which is the age of twenty-one. *Archie v. Archie*, 126 So. 3d 937, 943 (¶18) (Miss. Ct. App. 2013) (citing *Stokes v. Maris*, 596 So. 2d 879, 882 (Miss. 1992)).

Savannah's custody is now moot, the issue of whether the court should have applied the *Albright* factors is also moot. Although there was an actual controversy at trial regarding the modification of child custody, the controversy has now expired because Savannah is twenty-three years old. Thus, we dismiss Daniel's appeal as moot.

## Conclusion

¶20. Because Savannah has reached the age of majority, Daniel's issues raised on appeal regarding modification of child custody are moot.

¶21. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**